GEORGE W. DAY, BOWEN MATLOCK, ISAAC H. FROTHINGHAM, AND GEORGE W. WARNER, PLAINTIFFS IN ERROR, *v.* WILLIAM A. WASHBURN AND JOHN A. KEITH.

Where creditors, who were so upon simple contract debts, filed a bill in chancery to set aside a deed made by the debtor as being fraudulent against creditors, and other creditors came in as parties complainants, the court below was right in ordering a pro rata distribution amongst all the creditors, none of them having a judgment or other lien at law.

The complainants who first filed the bill have no preference thereby over the other creditors.

THIS was an appeal from the Circuit Court of the United States for the district of Indiana, sitting in equity.

Washburn made an assignment of his property to Keith, for the benefit of his creditors.

Day and Matlock, and Frothingham and Warner, citizens of Ohio and New York, filed a bill in the Circuit Court of the United States to set aside this deed as fraudulent. They alleged, as a reason for not suing him at law, that he had no property upon which a judgment would be a lien, nor any that an execution would reach.

Other creditors of Washburn, upon simple contract debts, came in by a supplemental bill, and applied to be admitted to a distributive share of the assets.

The court ordered them to be distributed equally amongst the parties to the record, from which decree Day, &c., appealed to this court.

The case was submitted on printed arguments by *Mr. Henderson* for the appellants, and by *Mr. Macdonald* and *Mr. Porter* for the appellees. *Mr. Henderson* contended for a preference in favor of Day, &c., which the counsel for the appellees opposed.

*Mr. Henderson's* point upon this branch of the case was as follows:

3. The complainants contend that by filing their bill to avoid the assignment, they thereby obtained a specific lien on the assets in the hands of the assignee, and were, under the law of the case, entitled to be fully paid to the exclusion of the other creditors, whose equity is not superior to complainants. It is a well-established rule in equity "that when the equities are equal, that title which is prior in time shall prevail."

1 Story's Equity Jurisprudence, 400.

This rule applies as well to a case like the one before the court as to equities growing out of conveyances. With regard to cases like this, the general rule is laid down by numerous adjudications that a creditor may file a bill in his own name and behalf, and for his sole benefit, or he may file in behalf of himself and all others who may be entitled and may choose to come in. If he proceeds on his own account alone, and no lien has been gained or can be acquired at law, he acquires a specific lien by filing the bill, and is entitled to priority over other creditors.

1 American Leading Cases, 85.

Edmondson *v.* Lyde, (before referred to,) 1 Page R., 637.

Corning *v.* White, 2 Page R., 567.

Butler et al. *v.* Jaffray et al., 12 Ind. R., (now in press.)

Farnham *v.* Campbell, 10 Page R., 598—601.

Weed *v.* Pierce, 9 Cowen, 722—728.

U. S. Bank *v.* Burk, 4 Blackf., 141.

Miers and another *v.* the Maysville Turnpike Co., 13 Ohio R., 197.

Douglass *v.* Hamilton, 6 Ohio R., 156.

Wakeman *v.* Grover, 4 Page R., 23.

Russel *v.* Lasher, 4 Barbour S. C. R., 232.

Burrell on Assignment, 600, 601.

Hobbs *v.* Bancraft et al., 4 Ind. R., 388.

1 Kent, note to 263—4.

*Messrs. Macdonald* and *Porter* opposed this view of the case, and added:

Whether the decree, so far as it directs a ratable distribution of the assets, was right or not, is not now before the court. The appellees do not and did not object to such ratable distribution. The question, so far as relates to that, is a question between the appellants and their co-complainants, and the latter are not made parties to the appeal. Of course, therefore, nothing affecting their interest will be adjudicated by this court.

7 Pet., 399; 16 Id., 521; 14 Curtis, 406.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the district of Indiana.

The bill was filed in the court below by two mercantile firms, creditors of Washburn, against him and the assignee of his property, for the purpose of setting aside the assignment as fraudulent against creditors, and that the property might be applied in satisfaction of the complainants' demands. These demands were simple contract debts, not reduced to judgment.

The defendants demurred to the bill, and assigned, as the ground of the demurrer, the want of equity.

The court overruled the demurrer, and the defendants answered separately, among other things denying all fraud in the assignment. Replications were filed to the answers.

In this stage of the case, the other creditors of Washburn applied by petition to the court to be made parties to the bill,

*Day et al. v. Washburn et al.*

charging fraud in the assignment, and praying that it might be set aside, and the property and effects of the debtor be subjected to the payment of all his debts, and be divided equally among all the creditors.

The court ordered that these petitioning creditors become co-complainants, and referred the case to a master to take an account of what was due to each of the complainants, which account was duly taken, and a report made to the court; and afterwards the defendant, Keith, was ordered to bring into court the amount of moneys admitted by him to be in his hands, made out of the assigned property, amounting to the sum of $2,437; and then, at a subsequent day in the term, the court overruled a motion made, on behalf of the two firms who filed the bill, to have the moneys in court applied to the payment of their debts in preference to the other creditors; and adjudged the assignment fraudulent as to creditors, and directed that the whole fund be distributed ratably among all of them, according to their respective demands, and referred the case to a master to make the distribution; and, on his report, confirmed the same.

The case is before us on appeal by the two firms who filed the bill, alleging for error the refusal of the court to give them preference in the distribution of the assets.

The proceedings in the case have not been conducted with much regularity, but the principles of equity governing the rights of the parties concerned are very well settled, and the application of them to the facts as presented will satisfactorily dispose of it.

The court of chancery does not give any specific lien to a creditor at large, against his debtor, further than he has acquired at law; for, as he did not trust the debtor on the faith of such lien, it would be unjust to give him a preference over other creditors, and thus defeat a pro rata distribution, which equity favors, unless prevented by the rules of law. It is only when he has obtained a judgment and execution in seeking to subject the property of his debtor in the hands of third persons, or to reach property not accessible to an execution, that

a legal preference is acquired, which a court of chancery will enforce, (2 John., ch. 283; 4 Ib., 691.)

The two firms, therefore, who filed the bill, the appellants here not having reduced their demands to judgment and execution before seeking relief against the fraudulent assignment of the debtor, are not in a situation to set up any claim to a preference over the other co-complainants, or to object to an equitable distribution of the assets among all the creditors.

Indeed, the principle upon which the bill seems to have been drawn, and is now sought to be sustained, would preclude any preference in favor of the appellants—which is, that the debtor's property, in the hands of the assignee, constituted a fund for the benefit of creditors, which a court of equity only could reach, and hence that the creditor had a right to the interposition of the court, without first obtaining a judgment and execution. It is true, where a specific fund has been assigned or pledged for the benefit of creditors, and it is necessary to go into a court of chancery to make a distribution among them, the equitable lien of each creditor upon the fund lays a sufficient foundation for the interposition of the court. It will enforce this equitable lien thus arising out of the assignment or pledge for the benefit of the creditors, in the exercise of its own appropriate jurisdiction. But in all these cases, chancery, upon its own principles, distributes the fund pro rata among all the creditors, unless preference is given in the pledge or assignment of the fund. In the present case, as the assignment was made to Keith, in trust for the benefit of creditors, if the bill had been filed to enforce the trust, no judgment or execution would have been necessary, as preliminary steps to the interposition of the court; but in that case the appellants would not have been entitled to a preference, as none was given to them in the trust deed, but the contrary.

For this reason, doubtless, the bill was filed to set aside the deed as fraudulent, with a view to defeat the preferences given therein to other creditors. The objection that the demands of the appellants had not been reduced to judgment and execution before filing the bill, would have been fatal to the relief sought, if taken in time by the defendants. It was. waived,

however, both as respected the appellants and the other co-complainants; and, as the court was left unembarrassed by the objection, it was right in proceeding to dispose of the property and effects of the debtor, and to make the proper application of them; and, as we have seen neither of the creditors had acquired a preference at law, the application in chancery, upon its own principles, was a ratable distribution among all the creditors as decreed by the court below.

Decree affirmed.