SHAINWALD, Assignee, *v.* LEWIS.

*(District Court, D. Nevada.* December 11, 1880.)

1. ASSIGNEE—BANKRUPT ACT—SECTION 739, REV. ST.

While an assignee who has been appointed by a court of bankruptcy of another district may sue in this court to recover assets from a stranger, such action must be by a plenary suit, and there is nothing in the bankrupt act which takes such a suit out of the provisions of section 739 of the Revised Statutes, although the defendant may have property in this district which is claimed to be assets; and the defendant must be an inhabitant of, or be found in, this district at the time of serving the writ, to give this court jurisdiction.

2. SECTION 738, REV. ST., CONSTRUED.

This section does not refer to a suit like the present, in which the plaintiff seeks, through a receiver, to apply the general property of a defendant to the payment of his debts, but to suits in equity, to enforce some pre-existing lien or claim upon a specific piece of property.

*James L. Crittenden,* for plaintiff.

*Robert M. Clarke,* for receiver.

*Philip G. Galpin,* for defendant.

HILLYER, D. J. This is a motion to vacate a former order of this court, appointing Ralph L. Shainwald receiver of the property of the defendant, Lewis, in the district of Nevada. The plaintiff is the assignee in bankruptcy of the firm of Schoenfeld, Cohen & Co., and of Louis S. Schoenfeld, Isaac Newman, and Simon Cohen, who have been adjudicated bankrupts by the district court of California. After his appointment as assignee the plaintiff filed a bill in equity in the district court of the United States for California, against the defendant, Harris Lewis, by which he sought to have a certain judgment obtained by Lewis against the bankrupts set aside on the ground that the judgment was fraudulent. In that suit the plaintiff obtained a decree setting the said judgment aside, declaring the evidence upon which it was based fraudulent, and the defendant, Lewis, a trustee of all the property acquired by him under said judgment for the benefit of the creditors of the bankrupt firm and of the assignee. He was also decreed to pay a large amount of money, nearly $100,000, by way of damages, interest, and costs. Upon this

judgment an execution was issued to the marshal of California, and by him returned *nulla bona.*

These facts appear from the bill filed in this court, and it also appears on the face of the bill that Harris Lewis is a citizen of California as well as the plaintiff; and that he has property in Nevada which the plaintiff seeks to apply to the satisfaction of his decree, obtained as aforesaid in California.

It is further averred in the bill, on information and belief, that the defendant, Harris Lewis, is secreting his property with the view of preventing the plaintiff from levying upon and applying it to the satisfaction of said decree; that said Lewis is possessed and the owner of large and valuable property, real and personal, within the district of Nevada, and within the jurisdiction of this court; that for the purpose of hindering, delaying, and defrauding the plaintiff, said Lewis has been, since the rendition of said decree, making and issuing his notes and other evidences of indebtedness, and has procured a suit or suits to be brought against him, and has confessed, or intends to confess, judgment against himself, all for the purpose of preventing the plaintiff from obtaining satisfaction of said judgment and decree; that in a certain other suit, brought as such assignee against the defendant, Lewis, in the district court of the district of California, and founded upon said decree, an order was made appointing Ralph L. Shainwald, of the city and county of San Francisco, receiver of the estate of said defendant, Harris Lewis; that he duly qualified and is now acting as such receiver.

A copy of the decree of the district court of California is made part of the bill, and the prayer is for judgment that said Lewis pay the amount thereof, and for an injunction and a receiver, with the usual powers of a receiver under a creditors' bill. Upon the filing of this bill, an order for the appointment of a receiver was made, without notice to the defendant. A special appearance has been entered by the defendant, Lewis, and a motion on behalf of certain creditors is made to vacate the order appointing the receiver, chiefly on the ground that this court has not, and cannot acquire any jurisdiction of the case, the said Lewis being a resident

of California, and not found in this district at the time of serving the writ of subpœna; and also that it does not appear from the bill that the plaintiff has exhausted his legal remedies in this jurisdiction. Some other grounds were mentioned,—as the want of notice, the insufficiency of the averments in the bill to show a case of urgency, etc.,—but the case must be decided upon the first two grounds named.

The subpœna has been returned, and shows a service on the defendant in California. This, together with the allegation in the bill that the defendant, Lewis, is a citizen of California, is enough, upon the uniform construction which the eleventh section of the judiciary act, now section 739 of the Revised Statutes, has always received, to deprive this court of jurisdiction, unless, as is most earnestly and strenuously urged, that section does not apply to a suit like the present. It is argued that it does not apply, because this is a suit in equity to enforce a lien or claim against property within the meaning of Rev. St. § 738, and also because this is a matter or proceeding in bankruptcy over which this court has jurisdiction irrespective of the residence or citizenship of the parties. In argument upon this latter proposition, great stress is laid upon the very broad and comprehensive language in which the whole subject of bankruptcies is given to the district courts in section 4972—especially upon that clause which extends the jurisdiction to the collection of all the assets of the bankrupt. And it is said, since this is done, there must be power somewhere in the bankruptcy courts to collect assets; i. e., debts due the bankrupt's estate in those cases in which a debtor resides in one district and has property in another. The case at bar is, I take it, substantially such a case, for Lewis, while not originally a debtor of the bankrupts, has been, by the decree against him, turned into a trustee for the creditors and the assignee and adjudged to pay a large sum as damages for their benefit.

It is said again that the district courts are auxiliaries of each other in these bankruptcy matters, and that the proceedings in California are a sufficient warrant for proceeding here against the property of the defendant, Lewis, as has been

done, without finding him (he being a non-resident) in this district. Therefore, it is further argued from these premises, there must be the power here claimed, that there may be no failure of justice—no failure to collect all the assets.

Counsel have read much from that line of decisions which maintains the right of an assignee in bankruptcy to sue in another than the district of his appointment to recover debts or other property. They find in the language used by the courts in deciding those cases, as they think, support for their position. But, when these courts say the powers of the bankruptcy courts are full and complete for all purposes of the act, they must not be understood as meaning that the usual methods of acquiring jurisdiction need not be pursued. Assignees may find it necessary to sue in other districts for the recovery of assets. If so, the courts of those districts are open to them. *Lathrop* v. *Drake,* 91 U. S. 516.

In this sense the courts of other districts are auxiliary, not in any sense implying power to carry out and enforce the judgments and orders of one another except upon due process in the particular district. Nowhere do I find any intimation that it is not necessary to acquire jurisdiction of persons and property by the same means employed in other cases.

In the present instance the district court of this district is open to the assignee for the collection of assets. The court has jurisdiction to hear and determine such a case; but before it will have jurisdiction of this particular defendant he must be duly subpœnaed, unless, as contended, there is something in the nature of this suit which renders it unnecessary. What is said in speaking of the general powers of the bankruptcy courts under the law to act at all, must not be confounded with and applied to their power to proceed in the particular instance. There may be a general jurisdiction to act, but no jurisdiction in the particular case owing to a failure to serve process.

In *Chaffee* v. *Hayward,* 20 How. 208, it was sought to recover damages for an infringement of a patent by a suit commenced in the district of Rhode Island against an inhabitant of Connecticut, and to obtain jurisdiction of the defendant by

an attachment of his property in Rhode Island. The defendant pleaded to the jurisdiction that he was not an inhabitant of nor found in Rhode Island at the time of the pretended serving of the writ. The court, in announcing its decision, allude to the settled construction of the eleventh section of the judiciary act, requiring a service on the person of the defendant within the district, and that no jurisdiction can be acquired by attaching property of a non-resident defendant pursuant to a state attachment law, and say: "It is insisted, however, for the plaintiffs that these rulings were had in cases arising where the jurisdiction depended on citizenship; where, as here, the suit is founded on an act of congress conferring jurisdiction on the circuit courts of the United States in suits by inventors against those who infringe their letters patent, including all cases both at law and in equity arising under the patent law, without regard to citizenship of the parties or the amount in controversy, and therefore the eleventh section of the judiciary act did not apply." But the court held that that section "applied in its terms *to all* civil suits; it makes no exception, nor can the courts make any."

"The judicial power extends to all cases in law and equity arising under the constitution and laws of the United States, and it is pursuant to this clause of the constitution that the United States courts are vested with power to execute the laws respecting inventors and patented inventions; but where suits are to be brought is left to the general law, to-wit, to the eleventh section of the judiciary act, which requires personal service of process within the district where the suit is brought, if the defendant be an inhabitant of another state."

The argument, then, which would take this case out of the operation of section 739, because jurisdiction of bankruptcy matters is conferred without regard to the citizenship or residence of the parties, is not a valid one. That was precisely the argument in the case last cited. Jurisdiction of a suit by an assignee in another district exists under the bankrupt law, but how service of process shall be made is still regulated by the former law. That the defendant, Lewis, has been guilty of the grossest frauds in connection with the

bankrupts towards the creditors represented by the assignee, is established by the decree of the district court of California; but, under the influence of a wish and inclination to help punish those frauds, we must be careful that we do not violate principles of law essential to the maintenance of justice. The defendant, Lewis, has a right to insist that he be brought into court as the law provides, and not otherwise. If he succeeds in escaping with his ill-gotten gains, it will not be the first time that adherence to established legal rules has resulted in enabling bad men to gain a temporary advantage. This motion, however, is made on behalf of the creditors of Lewis & Co., who may have at least an equal equity with the creditors represented by the assignee. For, according to the allegations of the bill, the property now in question is the property of Lewis, and does not appear to be any part of the goods fraudulently acquired by the bankrupts and Lewis from the creditors of the former. Nor is it alleged to have been acquired with the funds of which the defendant has been declared a trustee, if that could alter the case. The powers of courts of bankruptcy in the collection of assets can only be exercised pursuant to law, and whenever it becomes necessary for the assignee to sue a stranger to the bankruptcy proceeding he must proceed against him as any other plaintiff in a like case would have to proceed; that is to say, by a plenary suit at law or in equity. There is nothing in the bankrupt law which deprives parties claiming property of which they are in possession of the usual processes of the law in defence of their rights. So held where the bankruptcy court took property by a summary process out of the hands of one who claimed the right of possession under a lien, and admitted the general property to be in the bankrupt. *Marshall* v. *Knox*, 16 Wall. 551.

So, where one claims the absolute property in a fund as against the assignee, the assignee must litigate the claim in a plenary suit at law or in equity. *Smith* v. *Mason*, 14 Wall. 419.

The present is more clearly a case to be litigated in a plenary suit. The decree against Lewis in California can

only be made available in this district by obtaining a judgment here, as the plaintiff is seeking to do. The decree will be conclusive evidence, if there is no objection made to the jurisdiction of the court pronouncing it; but the defendant, Lewis, has a right to make that defence, and no personal judgment can be pronounced until he is served with process. The property can never be applied to the payment of the decree in California until it has been reduced to judgment in this court. An assertion that a thing is assets does not make it so; nor can any *prima facie* showing be so plain that a court will be justified in proceeding to determine a man's case in the absence of due notice to him.

Probably everything alleged in the bill touching the proceedings in California is true, but the defendant has a right to be heard upon that. He has a right to insist that he be duly served with process, and then he has a right to answer and deny the allegations of the bill. To proceed after he has objected his non-residence, and the service on him out of this district, would be a plain case of usurpation, as it seems to me, unless the fact that there is property here subject to the jurisdiction of this court justifies further proceedings. Such justification must be found, if at all, in section 738 of the Revised Statutes of the United States. That section provides: "When any defendant in a suit in equity to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought, is not an inhabitant of nor found within said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear," etc. Upon proof of the service of the order the court is authorized to proceed to the hearing and adjudication of the suit, to affect the property of the absent defendant in the district only.

In my judgment this section was only intended to reach those suits in equity in which it was sought to enforce some pre-existing lien or claim, legal or equitable, upon or to some specific property, real or personal, and not cases in which it is sought to reach and appropriate the general property of a

defendant to the payment of his debts. By the words "legal or equitable lien or claim against real or personal property," congress intended to reach every case in which there should be any sort of charge upon a specific piece of property, capable of being enforced by a court of equity. This is manifest to my mind from the section as it stands; but when we look to the act of March 3, 1875, which was evidently intended as a substitute for section 738, all doubt vanishes. Such expressions as were obscure in the latter section are by the former made clear.

Section 8 of the act of 1875 provides "that when in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any encumbrance or lien or cloud upon, the title to real or personal property within the district," etc.; following the language substantially of section 738, with a provision that the adjudication shall only affect the property "which shall have been the subject of the suit."

Nothing, it seems to me, can be plainer than this. In case the absent defendant does not appear, it is only the property "which shall have been the subject of the suit" which is to be affected. I must hold that there is nothing in these sections which helps the plaintiff here. Indeed, this latter section limits the jurisdiction, such as it is, to suits in the circuit court. Having reached the conclusion that since the appearance of the defendant to object to the jurisdiction this court cannot proceed further, there is no need to go on and decide the other points made on the motion. But I am constrained to say that it has seemed to me the assignee is not in a position to maintain this bill, which is a creditors' bill, he not having exhausted his legal remedy in this jurisdiction. That he has a legal remedy on the California judgment seems plain. An action will lie at law upon it, a judgment can be obtained here, and an execution can be issued against the property of the defendant now in the hands of the receiver; that is, there is no legal impediment to such a course. Whatever difficulties arise to prevent a successful pursuit of legal remedy come from the fact that Lewis is not a resident.

But for that fact a suit at law would lie against Lewis, with an attachment against this very property. As I now look at this case, stripped of its surroundings of bankruptcy and fraud in California, it becomes an attempt by an assignee to avail himself of the extraordinary powers of a court of equity for the purpose of appropriating the general property of a defendant, in the first instance, to the payment of his debts,—a thing which, so far as I am informed, has never been done. I regret that, moved by a desire to aid the creditors who have been defrauded by the bankrupts and this defendant, Harris Lewis, I have made an order, which, upon full consideration, cannot stand.

Let an order be entered vacating the order of November 22, 1880, appointing R. L. Shainwald receiver in this case, and also dismissing the plaintiff's bill.