WABASH R. CO. v. WEST SIDE BELT R. CO.

KEOKUK TRUST CO. v. WEST SIDE BELT R. CO. et al.

(District Court, W. D. Pennsylvania.   June 27, 1916.)

COURTS ⬤⇒269—JURISDICTION—ATTACHMENT.

    Judicial Code, § 57 (Act March 3, 1911, c. 231, 36 Stat. 1102 [Comp. St. 1913, § 1039]), declares that when in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien, etc., on title to real or personal property within the district where such suit is brought, one or more of the defendants shall not be an inhabitant of or found within the district, or shall not voluntarily appear, it shall be lawful for such absent defendant to be ordered to appear and plead, and, in event of failure, for the court to proceed to adjudicate the property rights. A railroad company which had leased some of its cars to a Pennsylvania corporation was adjudged an insolvent after having executed a refunding and extensions mortgage to secure an issue of bonds. Default having been made in payment of the bonds after appointment of the receiver, the mortgage was foreclosed and the property of the railroad company bought in by another corporation, which was not a citizen of Pennsylvania. Complainant, a holder of a number of the bonds, though not a citizen of Pennsylvania, attempted, by suit in a Pennsylvania district, against the lessee and the railroad company and the purchaser, to secure an accounting and to enforce application of the amount due on the lease to payment of its bonds. *Held*, that the section contemplates the enforcement of a lien on some tangible property, and not the mere enforcement of a chose in action. Therefore complainant, particularly as its rights under the bonds were not adjudicated, could not maintain the suit against the railroad company or its receiver; the Pennsylvania court not having jurisdiction.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. ⬤⇒269.]

In Equity.   Suit by the Wabash Railroad Company against the West Side Belt Railroad Company, in which the Keokuk Trust Company filed a bill against the West Side Belt Railroad Company, the Wabash Railroad Company, and others.   On motion to set aside warning order and quash service of writ.   Motion granted, and bill of the Keokuk Trust Company dismissed.

See, also, 197 Fed. 442.

J. L. Minnis, of St. Louis, Mo., and Watson B. Adair, of Pittsburgh, Pa., for Wabash R. Co.

Patterson, Crawford, Miller & Arensberg, of Pittsburgh, Pa., for West Side Belt R. Co.

Felix T. Hughes, of Keokuk, Iowa, for Keokuk Trust Co.

THOMSON, District Judge.   In the case of the Wabash Railroad Company (hereafter called the "Wabash Company") against the West Side Belt Railroad Company (hereafter called the "West Side Belt"), the Keokuk Trust Company (hereafter called the "Trust Company"), a corporation and citizen of Iowa, has filed this bill against the West Side Belt and its receiver, citizens of Pennsylvania, the Wabash Company, a consolidated corporation, and citizen of the states of Illinois,

Indiana, Michigan, Missouri, and Ohio, and the Wabash Railway Company (hereafter called the "Railway Company"), a corporation and citizen of the state of Indiana. It appears from the bill that on October 1, 1905, the West Side Belt leased from the Wabash Company 899 cars for a period of ten years, for a monthly rental of $8,792.84, taking possession of the cars and using and enjoying them until June 23, 1908, when it became insolvent, and, at the instance of the Wabash Company and other creditors, was placed in the hands of receivers. Horace F. Baker remains at this time the sole receiver of that company. The receivers took possession of the cars, adopted the lease for the period of their receivership, and continued the use of the cars, and are indebted to the Wabash Company, on account of the rental, in a large amount. The Wabash Company, on the 1st of July, 1906, executed a refunding and extensions mortgage to secure an issue of bonds, and afterwards, in 1911, that company was, on a general creditors' bill in the federal court at St. Louis, adjudged insolvent, and receivers were appointed for its property. By auxiliary proceedings, the receivers took possession of all the railroad property and effects in the different states of which that consolidated company was a citizen, and the jurisdiction of said receivers was by the federal courts in said states extended and covered all the property of the company in those states. In January, 1912, by bill of complaint of the Equitable Trust Company of New York, trustee in the mortgage, filed in the federal court at St. Louis, said mortgage was foreclosed, default having been made in the payment of the bonds, and at the foreclosure sale the Railway Company purchased all the railroads and property previously owned by the Wabash Company in said several states.

The complainant owns 20 of the bonds of the Wabash Railroad Company, secured by the refunding and extensions mortgage, which are past due. It prays an accounting as to so much of said bonds and interest as shall be found due complainant, for a decree in this court in favor of the complainant against the Wabash Company for the amount due on its said bonds, and directing said receiver to pay over to complainant so much as shall satisfy said claim and costs. On the filing of the bill, complainant filed an ex parte petition for a warning order against the Wabash Company and the Railway Company. The court entered the order without notice or hearing, and the Wabash Company and the Railway Company were served with copies thereof at their respective offices in St. Louis. Said companies have entered limited appearances for the purpose of moving to set aside the warning order and to quash the service thereof, on the ground of want of jurisdiction of the court. The bill is founded on section 57 of the Judicial Code, which provides as follows:

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any encumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, an-

swer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be," etc.

The suit, under this section, is in the nature of a proceeding in rem.. The order must be served on the person or persons in possession or charge of the property, and, if not practicable to serve the order personally on the absent defendant, such order shall be published in such manner as the court shall direct, and, if the defendant does not appear, the court may—

"proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served; * * * but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district; and when a part of the said real or personal property against which such proceeding shall be taken shall be within another district," etc.

The foregoing provisions show that it is a proceeding against property within the jurisdiction of the court.

Neither the Keokuk Trust Company, plaintiff, the Wabash Company, the debtor, nor the Railway Company, the purchaser of its property, are citizens of Pennsylvania. Unless, therefore, jurisdiction is obtained under the foregoing section of the Code, it does not exist.

Under the section in question, to maintain the bill it must appear that it is one "to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought."

It is clear that this bill is not to remove any incumbrance or lien or cloud upon the title to any property, real or personal, and, if maintained, it must be to enforce a legal or equitable lien upon or claim to personal property within the district. The property in question is a chose in action, a debt owing by the West Side Belt, a citizen of this district, to the Wabash Company, a nonresident defendant. The proceeding is therefore an attempt to establish what might be called an attachment lien, or equitable charge upon the moneys in the hands of the West Side Belt Company to answer the debt of an absent defendant.

It was the opinion of the court in Shainwald's Assignment v. Lewis (D. C.) 5 Fed. 510, that section 738 of the Revised Statutes (now section 57 of the Code)—

"was only intended to reach those suits in equity in which it was sought to enforce some pre-existing lien or claim, legal or equitable, upon or to some specific property, real or personal, and not cases in which it is sought to reach and appropriate the general property of a defendant to the payment of his debts. By the words 'legal or equitable lien or claim against real or personal property.' Congress intended to reach every case in which there should be any sort of charge upon a specific piece of property, capable of being enforced by a court of equity."

The case of Dormitzer v. Illinois & St. Louis Bridge Company (C. C.) 6 Fed. 217, was, as stated by the court, "a creditors' bill to en-

force a sort of equitable garnishment" in the Circuit Court in Massachusetts; the defendant being a resident of Missouri. The court held that Congress had not intrusted the Circuit Courts with power to proceed by attachment of property against an absent defendant, and that the lien or title referred to in the act of 1875 "means a lien or title existing anterior to the suit, and not one caused by the institution of the suit itself."

To the same effect is Jones v. Gould, 149 Fed. 153, 80 C. C. A. 1.

Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, was a case by a simple creditor to enforce his debt against the property of the defendant under a Mississippi statute which provided that a creditor should be entitled to a lien on his debtor's property from the time he filed the bill to enforce his debt. The plaintiff contended that the statute created new equitable rights in the creditor, which the federal courts would enforce; but the court held otherwise. With reference to the circumstances under which federal courts of equity will interfere to aid the enforcement of a remedy at law, the court, at page 113 of 140 U. S., at page 715 of 11 Sup. Ct., 35 L. Ed. 358, says:

"There must be an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment; or, to speak with greater accuracy, there must be, in addition to such acknowledged or established debt, an interest in the property or a lien thereon created by contract or by some distinct legal proceeding (citing a number of cases). * * * It is the existence, before the suit in equity is instituted, of a lien upon or interest in the property, created by contract or by contribution to its value by labor or material, or by judicial proceedings had, which distinguishes cases for the enforcement of such lien or interest from the case at bar."

The principles laid down in Scott v. Neely were again recognized in the case of Cates v. Allen, 149 U. S. 451, 458, 13 Sup. Ct. 883, 885 (37 L. Ed. 804). This, also, was a suit in equity by a creditor, who sought to enforce the Mississippi statute creating a lien from the time of filing the bill. The court denied the relief, saying:

"The mere fact that a party is a creditor is not enough. He must be a creditor with a specific right or equity in the property; and this is the foundation of the jurisdiction in chancery, because jurisdiction on account of the alleged fraud of the debtor does not attach as against the immediate parties to the impugned transfer, except in aid of the legal right."

The plaintiff's claim has not been adjudicated nor reduced to judgment. But it is the position of the plaintiff that the Wabash Company is insolvent, all its property and effects in the other states being in the hands of receivers and that which plaintiff seeks is in the hands of a receiver in this state; that in such case it is not necessary for a common creditor to reduce his claim to judgment, and that clearly his bonds need not be reduced to judgment; that, this fund being in the hands of the court through its receiver, creditors must intervene in the West Side Belt receivership and set up their equities; that the fund in question is a trust fund; and that since this court has jurisdiction of the subject-matter and the parties in the case, it can determine every question, legal and equitable, and determine even

legal rights that otherwise would not be within the range of its authority. Counsel cites Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672. In this case it is held that a court of equity may allow the claims of a simple creditor against his debtor's assets, which is being administered by said court for the benefit of creditors.

While this court is administering the insolvent estate of the West Side Belt Company, the plaintiff is not a creditor of that corporation. Being of opinion that the plaintiff has no such legal or equitable lien upon or claim to any property in this district as can be enforced by a bill in equity under section 57 of the Judicial Code, defendants' motion to dismiss for want of jurisdiction is sustained.