### DE REES v. COSTAGUTA et al. *

(Circuit Court of Appeals, Second Circuit. June 1, 1921.)

#### No. 247.

1. **Appeal and error** ⊜⟿173 (9)—**Defense of res judicata, not presented below, not considered.**

   On appeal from a decree, a claim that an earlier decree is a flat bar to the present proceeding cannot be considered, where such defense was not raised by any pleading, and the appellate court does not have the earlier roll before it.

2. **Injunction** ⊜⟿144—**Receivers** ⊜⟿36—**Sufficiency of alleged cause may be challenged.**

   One who prays for any preliminary relief, such as a receivership and injunction, may always be challenged as to the sufficiency of his alleged cause of action.

3. **Injunction** ⊜⟿132—**Receivers** ⊜⟿3—**Not per se subject of suit in equity.**

   Such matters as a receivership and preliminary injunction cannot per se be the subject of suit in equity.

4. **Partnership** ⊜⟿17—**Intention controls as to relation.**

   In determining whether a partnership exists between persons, as between themselves, the court must look at the agreement and intention of the parties between them.

---

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 256 U. S. ——, 42 Sup. Ct. 56, 66 L. Ed. ——.

**5. Evidence ☞397(5)—Formal document of partnership not enlarged or varied by parol.**

Where evidence of relationship between persons, question being whether or not a partnership exists, is contained in a formal document, such document must speak for itself and it cannot be enlarged or varied by parol.

**6. Partnership ☞5—Relation held not created by agreement.**

An agreement *held* not to create a partnership, because there was no intent to create community of interest in the whole property or business, which is the essence of partnership, the document contemplating no more than the creating of a new department in an old business, to be managed by plaintiff, who had no interest in the profits until a balance was struck.

**7. Courts ☞273—No accounting in federal court against person brought in as having a lien in absence of partnership.**

Where plaintiff seeking an accounting failed to show partnership, on which any lien on property in the district depended, but did show a right to an accounting, there can be no accounting against defendant, brought in under Judicial Code, § 57 (Comp. St. § 1039), as a person without a lien cannot invoke such section.

Appeal from the District Court of the United States for the Southern District of New York.

Bill in equity by Henry S. De Rees against David Costaguta and others, individually and as copartners composing the copartnership of David Costaguta & Co. and others. From a decree dismissing the bill, plaintiff appeals. Modified and affirmed.

See, also, 254 U. S. 166, 41 Sup. Ct. 69, 65 L. Ed. ——.

The bill alleges that plaintiff was a member of a copartnership, the two partners being himself and the firm of David Costaguta & Co. (hereinafter called Costaguta). He is a resident of New Jersey; all the individual defendants except Taffell are nonresident aliens, residing in Buenos Aires, where the firm of Costaguta has its home office and transacts the major portion of its business. Taffell is an alien, resident in New York, and agent for Costaguta. The corporate defendant (hereinafter called trading company) is chartered by New York.

The partnership alleged is pleaded as existing by written contract, a document drawn and executed in Buenos Aires and in the Spanish language. By order of the trial court plaintiff produced and filed a literal translation of this contract, which was then regarded as part of the bill. This document (omitting some plainly irrelevant portions) is as follows:

In the city of Buenos Aires, the first of November 1917, between Messrs. David Costaguta, of the one part, and Mr. Henry S. De Rees, of the other, the following has been agreed:

1. Messrs. David Costaguta & Co. establish in their own house a special section which will be called "hosiery section," for the purchase and sale of hosiery in general and other articles of knit goods or any other line of goods, which by common accord it is agreed to exploit, authorizing Mr. De Rees to manage the section.

2. Messrs. David Costaguta & Co. will pass on and fix the credits and conditions of sale for the clientèle.

3. Mr. De Rees, during his stay in Buenos Aires, shall submit to the approval of Messrs. David Costaguta & Co. the arrangements of purchases, whereas when he goes to North America or Europe to make purchases he shall have complete liberty of action, within the sums which Messrs. David Costaguta & Co. shall fix in writing.

4. [Relates to expenses, whereof some "shall be charged to the section" and some "for the exclusive account" of Costaguta & Co.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. On October 31st of each year a balance shall be struck, and the deductions which it shall be deemed advisable to make in the merchandise as well as in the credits, shall be determined by common accord between Messrs. David Costaguta & Co. and Mr. De Rees. From the resulting profits, there shall be deducted six per cent. (6%) annual interest on the capital which Messrs. David Costaguta & Co. may have supplied to the section, and the remainder shall be distributed in the following proportion: Fifty-five per cent. (55%) to Messrs. David Costaguta & Co. and forty-five per cent. (45%) to Mr. De Rees. The losses shall be borne in the same proportion. The calculation of interest shall be made every six months, an account current being established with the disbursements and receipts of funds, and in case the earnings of the fiscal period do not cover the interest, the balance shall be passed to the following period.

6. [Relates to monthly withdrawals for "personal account" by De Rees.]

7. Mr. De Rees may withdraw his share of the profits only to the amount of fifty per cent., being under the obligation to leave the balance thereof on deposit with Messrs. David Costaguta & Co., drawing an annual interest of six per cent. (6%).

8. It shall be the duty of Mr. De Rees to devote all his activity to the service of the section, and he obligates himself not to participate directly or indirectly in any other commercial business, nor to be interested in any other manner foreign to the section. It is agreed between the parties that the violation by Mr. De Rees of what is provided in the preceding sentence shall entitle Messrs. David Costaguta & Co. to not recognize in favor of Mr. De Rees the profits which are earned during the fiscal period in which the violation has taken place.

9. (Immaterial.)

10. The parties reserve the right to terminate the present agreement by giving notice of three months by registered letter. In case Mr. De Rees is absent, Messrs. David Costaguta & Co. will advise him by cable, which they shall address to the last address indicated by Mr. De Rees.

11. Both Messrs. David Costaguta & Co., and Mr. De Rees on receiving the notice of termination of the present contract may request the liquidation of the merchandise existing in the house, in the Custom House, in transit, or in course of manufacture, pertaining to this section, Mr. De Rees obligating himself to give his co-operation up to the moment the liquidation be terminated, and Messrs. David Costaguta & Co. as sole owners of the business shall pay to Mr. De Rees the amount corresponding to him in installments which are established in the following article.

12. In case this agreement is terminated and the preceding article is not applied in so far as it refers to an eventual liquidation of the stock in hand, a balance shall be made, observing with regard to deductions the form indicated in article 5, and Messrs. David Costaguta & Co. shall take charge of the assets and liabilities, paying the amount which results in favor of Mr. De Rees in four equal installments, the first in cash, and the others in installments of six, twelve and eighteen months, with interest at 6%.

13. In case of the death of Mr. De Rees, Messrs. David Costaguta & Co. will liquidate the stock in hand within the period of one year from the date of death; they will make a balance and pay the heirs of Mr. De Rees the amount which belongs to him, in the installments which are indicated in the preceding article. Interest at the rate of 6% annually will be paid also to the heirs.

[Signed by the copartnership of Costaguta in firm name, and by plaintiff.]

Under this agreement De Rees worked for some time, buying hosiery in the United States, usually for shipment to South America, and sometimes to be sold again in North America.

Differences arose between plaintiff and Costaguta, and on August 22, 1919, De Rees gave notice of termination under paragraph 10 of the contract. Transactions in hosiery in the United States had been carried on by De Rees in the firm name of Costaguta. At the expiration of the three-month period, the bill alleges that there was on hand in New York merchandise belonging to the "hosiery section" of large value, and Costaguta had bank accounts

in and near New York containing the commingled moneys of the Costaguta firm generally and of the so-called "hosiery section."

In January, 1920, Costaguta caused to be incorporated the trading corporation, which the defendant partnership entirely controlled, and to this company there was transferred all the property, including cash, of Costaguta, arising not only out of hosiery, but out of other transactions in New York and perhaps in the United States.

While not specifically alleged, it is a fair inference from the bill that Costaguta is charged with refusing any part to De Rees in the liquidation or winding up of the "hosiery section."

On these allegations plaintiff prayed for a receiver to "take and administer the property and liquidate the affairs of the said copartnership," i. e. the hosiery section, together with appropriate demands for a receivership pendente lite, with injunctions against all the defendants assigning or transferring any property belonging to said section.

The trading company was duly served with subpœna. All the individual defendants were returned not found. Thereupon plaintiff applied for service on the nonresident defendants pursuant to Judicial Code, § 57 (Comp. St. § 1039). The trading company appeared generally and the nonresident defendants specially in order to object to the jurisdiction. Plaintiff then moved for the above-indicated relief pendente lite, and after hearing the trial court refused all relief and wholly dismissed the bill, from which decision this appeal is taken.

Erwin, Fried & Czaki, of New York City (Frederick M. Czaki and Marion Erwin, both of New York City, of counsel), for appellant.

A. Delafield Smith and Walter H. Merritt, both of New York City, for appellees.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The record submitted is most confused, and stuffed with matter irrelevant to any question before us, viz. affidavits by which one party or the other sought to induce the trial court to grant or refuse a receivership.

[1] Plaintiff brought an earlier suit to accomplish the same purpose here sought. That bill was dismissed for lack of jurisdiction, and appeal taken direct to the Supreme Court, which dismissed the appeal (De Rees v. Costaguta, 254 U. S. 166, 41 Sup. Ct. 69, 65 L. Ed. ——). Thereupon the present bill was filed, and it is now urged that the earlier decree is a flat bar to the present proceeding. We cannot entertain this question on this record. Such a defense is not raised by any pleading, and we have not the earlier roll before us.

[2] It is, however, plain that since any injunctive relief or any receivership pendente lite could only be granted if the bill contained a well-pleaded cause of action, the hearing below was in effect one upon general demurrer to the bill as amended by adding to it the contract hereinabove set forth. It being elementary that one who prays for any preliminary relief may always be challenged as to the sufficiency of his alleged cause of action, we shall proceed to consider the cause as upon a motion to dismiss, on the ground that the bill does not set forth any cause of action entitling plaintiff to the relief demanded.

[3] This is primarily a bill for an accounting; an account is prayed for, and without it the bill would fail, for such matters as a receiver-

ship and preliminary injunction cannot per se be the subject of suit in equity.

The right to an account, and therefore to all other relief, and to an account in the courts of the United States, depends upon the simultaneous possession by plaintiff of the following legal rights:

(1) He and Costaguta must have been partners, not only in respect of their joint or several liabilities to the outside world, but inter sese;

(2) As such partner he must possess or be entitled to a lien upon partnership property within the jurisdiction of the court, and

(3) Even if a partner in his relations with Costaguta he must be entitled to eject the latter from the position of liquidating partner.

It may well be that plaintiff has been permitted so to deal with the outside world that third parties may hold both him and Costaguta as partners when one at least of the quasi firm never intended that relation. Sun., etc., Co. v. Kountz Line, 122 U. S. 583, 7 Sup. Ct. 1278, 30 L. Ed. 1137.

It is both unnecessary and unprofitable to discuss the maze of decisions seeking definition of the partnership concept. Cf. 20 R. C. L. 823 et seq. The matter is one of general law, and we must apply the doctrine of our highest court as stated in Meehan v. Valentine, 145 U. S. 611, 620, 12 Sup. Ct. 972, 36 L. Ed. 835. Cf. Re Kobre, 224 Fed. 104, 106, 139 C. C. A. 660.

[4, 5] We must therefore look at the "agreement and intention of the parties themselves [which] should govern all the cases," and in this case that intention is contained in a formal document which must speak for itself, and which the plaintiff cannot enlarge or vary by parol, though (as may be noted) no such endeavor is made in this bill. · Plaintiff says, in substance, that he rests upon the agreement.

[6] Upon consideration of what plaintiff calls the partnership articles, we hold that that contract created no partnership inter sese between Costaguta and De Rees, because there was no intent to create that "community of interest with the other partners in the whole property and business," which is the essence of partnership under the decisions ruling with us.

Plaintiff's theory is, and necessarily must be, that the "hosiery section" was in and of itself a partnership entity. On the contrary, section 1 plainly contemplates no more than the creation of a new department in an old business, which plaintiff was "to manage"; when at the home office De Rees is reduced by sections 2 and 3 to the position of an important clerk, and his "complete liberty" in North America or Europe is limited to such sums as Costaguta might put at his disposal.

It is admitted in the bill that all the hosiery bought by De Rees was bought in the name of the Costaguta firm, and it is evident from the whole purport of the written agreement that what was so bought became instantly, not the property of the hosiery section entity, but of Costaguta.

·This is the essential lack of community interest on the part of De Rees; he had no community in that which he acquired for the hosiery

section, and his interest in the profits did not arise until under section 5 a balance was struck and the resulting profits ascertained. And even to his share of the profits his instant right was limited to 50 per cent; the balance being, under section 7, retained by Costaguta, obviously by way of security. Again, the forfeiture provided for in section 8 in the event of plaintiff's not devoting "all his activity to the service of the section" is wholly inconsistent with that equality of opportunity and authority normally inherent in a partner.

Perhaps the most important consideration is that by any reading of sections 11 and 12 the absolute right of liquidation and sole custody of all assets belong to Costaguta alone. Under such an agreement all that plaintiff could ever have on winding up is a demand against the sole authorized liquidator, i. e. Costaguta.

[7] It is, however, urged that even such absolute right to liquidation as Costaguta possesses does not take away De Rees's right to an account, and it may be admitted that this is true. But assuming its truth, he cannot have an accounting against persons who can only be brought in under Judicial Code, § 57, unless he is a full partner with lien upon the partnership property, such lien as was recognized in Hoyt v. Sprague, 103 U. S. 613, 625, 26 L. Ed. 585.

If, as we have held, plaintiff and Costaguta were never partners inter sese, then plaintiff never had a lien, and if he has no lien he cannot invoke section 57.

For these reasons it is not thought necessary to inquire into the exact limitations of service by advertisement under the Code section referred to; but because the nature of the relation between the parties was such that there never could be any assets of the hosiery section upon which De Rees had a lien, it is thought plain that this bill does not disclose a cause of action upon which recovery can ever be had.

Therefore the decision below was essentially proper, but is modified so as to dismiss the bill as against the nonresident defendants for lack of jurisdiction, and as against the American European Company on the merits, and, as so modified, the decree appealed from is affirmed, with costs.