**SPELLMAN v. SULLIVIAN et al.**

District Court, S. D. New York.

Feb. 6, 1930.

Clyde Taylor, of Kansas City, Mo., and Merle I. St. John, of New York City, for plaintiff.

Max Levy, of New York City, for defendant Sullivian.

PATTERSON, District Judge.

The defendant Sullivan, appearing specially, moves to vacate an ex parte order permitting service of process upon her by publication.

The suit is a creditor's bill to reach equitable assets of a judgment debtor. The bill sets forth that the plaintiff, a citizen of Missouri, recovered judgment in this court against the defendant Sullivan, now a citizen of New Jersey, and that execution has been issued and returned unsatisfied; that the judgment debtor is the life tenant of a trust fund of which defendant Bankers' Trust Company, a New York corporation, is trustee, the fund consisting of personal property in this district; and that the annual income of such fund is at least $12,500, whereas the sum necessary for the support of the judgment debtor is not over $6,000 a year. The relief demanded is that the excess income be charged with and applied toward the payment of the plaintiff's judgment. Personal service has been made upon the defendant trustee. Upon an affidavit setting forth that the judgment debtor resides in New Jersey and cannot be served personally within the district, the plaintiff obtained an order allowing service upon her by publication. This is the order which the judgment debtor has moved to vacate. The plaintiff submits that the order was proper for the reason that the suit is one of the class specified in section 57 of the Judicial Code (28 USCA § 118). The question is whether this suit is one of the cases covered in section 57.

According to section 57, it shall be lawful for the District Court to order that process be served upon absent defendants by publication, in any suit brought "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought."

It is further provided that, as regards any such absent defendants who do not appear, the adjudication in such suit shall affect only the property which is the subject of the suit.

There can be no question that the trust fund, as well as the surplus income, is "personal property within the district." Dahlgren v. Pierce (C. C. A.) 263 F. 841; Franz v. Buder (C. C. A.) 11 F.(2d) 854, 857. The judgment debtor insists, however, that the suit is not brought to enforce a lien or claim upon the fund or to remove a cloud from it. This argument deserves careful consideration.

The present suit is based upon the New York Real Property Law (Consol. Laws, c. 50) § 98, which reads:

"Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property, which can not be reached by execution."

This statute governs trusts of personal property as well as those of real estate. Williams v. Thorn, 70 N. Y. 270. It may be availed of only by suit in equity. The creditor must show that he is a judgment creditor with execution returned unsatisfied. Demuth v. Kemp, 159 App. Div. 422, 144 N. Y. S. 690, affirmed in 216 N. Y. 757, 111 N. E. 1086; and absence of the debtor has been held insufficient to excuse the creditor's omission to obtain a judgment, Dittmar v. Gould, 60 App. Div. 94, 69 N. Y. S. 708. By the commencement of his suit in equity, the judgment creditor acquires a lien upon the surplus income superior to the claims of general creditors of the beneficiary. Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251. It is manifest, therefore, that in New York a suit by a judgment creditor to reach surplus income payable to the judgment debtor under a trust has all the characteristics of a creditor's bill of the strict type. The only effect of the statute is to render this kind of equitable assets liable for debts; in point of procedure, the remedy is the creditor's bill which has always been familiar in chancery practice.

Section 57 of the Judicial Code is descended from an Act of June 15, 1872 (Rev. St. § 738), which authorized the courts to issue such process in suits to enforce legal or equitable liens or claims to property within their districts. It does not undertake to give the United States courts jurisdiction over defendants who are not served with process and who do not appear, although there are cases where this is said to be its purpose and effect. It covers situations where the District Courts have control over property within their territorial limits, and it provides that in certain kinds of cases the District Courts may entertain suits involving such property, despite the fact that defendants are not served with process within the district. It bestows upon the federal courts a limited jurisdiction quasi in rem. Norrie v. Lohman (C. C. A.) 16 F.(2d) 355, 358. The power conferred rests upon a real not an imaginary

base, and the property must be actually within the jurisdiction. Chase v. Wetzlar, 225 U. S. 79, 32 S. Ct. 659, 56 L. Ed. 990. This section does not give authority to proceed with any sort of a lawsuit merely because property of a defendant may be found within the district. It is in no sense the equivalent of state statutes creating attachment or garnishment. Wilson v. Beard (C. C. A.) 26 F.(2d) 860; George v. Tennessee, etc., R. Co. (C. C.) 184 F. 951. Nor may a case be brought within this section because the plaintiff asserts rights in personam against the defendant growing out of or connected with property within the district. Ladew v. Tennessee Copper Co., 218 U. S. 357, 31 S. Ct. 81, 54 L. Ed. 1069; De Rees v. Costaguta (C. C. A.) 275 F. 172; Vidal v. South American Securities Co. (C. C. A.) 276 F. 855. The statute plainly provides that the jurisdiction of the court is limited to suits to enforce a lien or claim on property within the district, or to remove a lien, claim, or incumbrance on such property.

■ In my opinion, a creditor's bill brought by a judgment creditor with execution returned nulla bona, to reach equitable assets of the judgment debtor, is a suit to enforce an "equitable lien upon" property within the scope of section 57. "Such bills are equitable proceedings quasi in rem, and may be conducted to decree with only the constructive service upon, and presence of, the debtor. They are directed rather against the thing than the person." Cunningham v. City of Cleveland (C. C. A.) 98 F. 657, 665, per Taft, C. J. The Supreme Court has repeatedly held that the filing of a bill by a judgment creditor creates a lien in equity on the equitable assets of the judgment debtor. Day v. Washburn, 24 How. 352, 16 L. Ed. 712; Smith v. Fort Scott R. Co., 99 U. S. 398, 25 L. Ed. 437; Freedman's Sav. & T. Co. v. Earle, 110 U. S. 710, 4 S. Ct. 226, 28 L. Ed. 301; Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122. I cannot doubt therefore that a creditor's bill brought by a judgment creditor with execution returned unsatisfied is a suit to enforce an equitable lien, and that such a case falls within the operation of section 57. Such equitable liens through creditor's bills have been recognized since the days of Chancellor Kent (McDermutt v. Strong, 4 Johns. Ch. [N. Y.] 687), and Congress must have had them as well as other equitable liens in mind when it passed the Act of June 15, 1872, and when it later amended that act from time to time.

I am of the opinion also that a creditor's bill is a suit to enforce an equitable "claim" to property. From the moment that execution has been returned unsatisfied, the judgment creditor has a claim to the equitable assets of the judgment debtor. His claim is not merely one in personam against the debtor; he had that claim before judgment. He has a claim quasi in rem against surplus trust income and any other property not subject to execution at law, which claim he may assert and enforce by creditor's bill.

It seems to me on principle, therefore, that a judgment creditor's bill is one of the suits referred to in section 57. As to the authorities, there are several which directly support this view. De Hierapolis v. Lawrence (C. C.) 99 F. 321; Hultberg v. Anderson (C. C.) 170 F. 657. See also Goodman v. Niblack, 102 U. S. 556, 26 L. Ed. 229.

■ The judgment debtor's argument is that the liens or claims referred to in section 57 are only those which existed prior to the commencement of suit, and therefore do not include those created by the filing of creditors' bills. The statute contains no such restriction or limitation. There are cases, however, in which Circuit Courts and District Courts have said that in order to bring a case within the section the lien or claim must be a pre-existing lien or claim as contracted with a lien or claim caused by the institution of suit. See, for example, Shainwald v. Lewis (D. C.) 5 F. 510; Dormitzer v. Illinois & St. Louis Bridge Co. (C. C.) 6 F. 217; Wabash R. Co. v. West Side Belt R. Co. (D. C.) 235 F. 645. If the rule mentioned in these cases is a sound one and is applicable, no creditor's bill can be maintained except where the judgment debtor remains available for service within the district. The court may render a judgment in favor of the creditor on the merits, and execution may be returned unsatisfied. The judgment debtor may have equitable assets of considerable value located in the district. But we are told that the judgment debtor, by removing from the district and staying out of it, can baffle the judgment creditor and render the court powerless to enforce its own judgment. That is the very situation in the instant case. If this argument is tenable, it is a reproach to our system of administering justice. I have already indicated my view that in a creditor's bill the "claim" to specific property of the judgment debtor has its origin before the institution of suit, so that it would seem that the requirements of this rule, if it exists, are satisfied. But I do not believe that there is any sweeping rule that the lien or claim

must have been in existence before the commencement of suit. There is nothing in the statute to warrant such a rule, and I cannot see why the courts should invent it. In none of the cases cited by the judgment debtor was there a creditor's bill in the strict sense, and in none of them, with the possible exception of Shainwald v. Lewis, supra, was any such rule necessary to the decision. They were cases where persons who were at most simple contract creditors, without security and without judgments, filed bills seeking to impress what they called a lien or claim upon property of their debtors. In truth, the bills set forth no lien or claim to property; their claims were in personam against the debtors and remained such upon the commencement of suit. These suits were not creditors' bills as the term is understood in the United States courts. See Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 43 S. Ct. 454, 67 L. Ed. 763. In the Shainwald Case, the plaintiff had obtained judgment in another jurisdiction upon which execution had been returned nulla bona. He then brought a creditor's bill in the District Court of Nevada against the absent judgment debtor, to reach his equitable assets in that district. The court held that the case did not fall within section 57 and dismissed the bill. It may be doubted whether the decision would be the same to-day, in view of the fact that the plaintiff could not have reduced his claim to judgment in the Nevada district before launching his bill in equity (see National Tube Works Co. v. Ballou, 146 U. S. 517, 13 S. Ct. 165, 36 L. Ed. 1070); but in any event there is nothing to show that the court would not have entertained the suit if it had been based upon a judgment of that court rather than on a judgment obtained in another jurisdiction.

The judgment debtor insists that the Circuit Court of Appeals of this circuit committed itself to this rule in Vidal v. South American Securities Co., supra. It is true that in that case Rogers C. J., by way of dictum quoted a passage from the Shainwald Case, to the effect that section 57 was intended to reach only suits to enforce a pre-existing lien or claim. But the Vidal Case did not involve the adoption of any such principle. It was a suit in personam against an absent defendant, some of the securities concerned in the alleged joint adventure being located in this district. The court held that such a suit was not brought to enforce a lien or claim to the property and dismissed the bill. It commented upon the fact that the plaintiff had not reduced his claim to judgment but was at best a general creditor (pages 872,

873 of 276 F.). In Wilson v. Beard, supra, a later decision by the same court, the plaintiff brought suit as an alleged creditor against the deceased debtor's personal representative. The defendant was absent, but had personal property in the district. In holding that the bill was properly dismissed, the court said that the plaintiff as a general creditor had no lien or claim upon specific property, adding that the situation might be different if the claim had been established by a prior judgment [page 862 of 26 F.(2d)]. In my opinion, these two cases favor the plaintiff rather than the judgment debtor.

There is another point in the case. The plaintiff urges that this bill is ancillary to the action at law in which the judgment was recovered, since it represents merely an effort to collect the judgment, and that the personal jurisdiction over the judgment debtor acquired in the original action still continues. In view of my conclusion that this is a case where the court is authorized to proceed quasi in rem, by virtue of section 57, it is unnecessary to pass upon this phase of the case. Nor is it necessary to determine whether the judgment debtor is a necessary party defendant in such a suit. The defendant Sullivian's motion to vacate the order permitting service upon her by publication is denied.