MEMORANDUM
ADKINS, J.
The Fidelity and Deposit Company of Maryland, an open contract creditor of George J. Bergling, was permitted to intervene in Equity Suit No. 57248, a partition suit in which it appeared finally that said George J. Bergling was entitled to $130.86.
The intervenor did not sue at law because Bergling had left the District. The suit was filed in equity under the *24 decisions of Droop v. Ridenour, 9 App. D. C. 95, and Supplee Hardware Co. v. Driggs, 13 App. D. C. 272.
In Day v. Washburn, 24 How. 352, the Supreme Court held in such a suit that plaintiff did not obtain a lien on the filing of the bill in equity. This was followed in Equitable Trust Co. v. Conn. Brass & Mfg. Corp., 290 Fed. 712, 726, where the Court said—
“A creditors’ bill in the technical sense, and which creates a lien, cannot be maintained unless the plaintiff has previously obtained a prior judgment in a legal proceeding. Smith v. Railroad Co., 99 U. S. 398.”
The intervening petition was filed September 11, 1934. On October 29, 1934, an order of publication was signed.
On November 19, 1934, the wife of George J. Bergling obtained an interlocutory decree of divorce in Equity Cause 53849. After finding that George J. Bergling was in arrears in the payment of alimony pendente lite in the sum of $970 that decree continued “judgment is hereby rendered against him in that sum as at law.”
The same decree awarded a fee of $50 to David F. Smith who had been assigned by the Court to represent George J. Bergling.
Thereafter writs of attachment were issued on behalf of the wife and Mr. Smith against the funds in the hands of the trustees in the partition suit. The Fidelity and Deposit Company has moved to quash both attachments.
In my opinion the Fidelity and Deposit Company did not acquire a lien by the mere filing of its petition, and has not yet acquired a lien. However I think it is entitled to be repaid out of the funds the expenses incurred by it before the attachments were served.
The decree in favor of the wife is to have the same effect as a judgment at law. I think it became a lien upon the fund attached.
Since this judgment is for more than the amount in the hands of the trustees, and since the two attaching creditors *25 seem to be acting in harmony I will deny the motions to qnash both attachments. But I do not pass upon the respective rights of Mrs. Bergling and Mr. Smith to the fund.