## COOLEY, Admr., v. BROWN.

1. Amendment: CONSTRUCTION OF. A pleading which is filed as an amendment to a former pleading will not be construed as a substitute therefor, unless it is therein so expressed, but both will constitute one pleading and be construed together.

2. Pleading; REPLICATION : UNDENIED ALLEGATIONS. Allegations of set-off in an answer to which no replication is filed in denial, will be taken as true.

*Appeal from Winnesheik Circuit Court.*

SATURDAY, DECEMBER 16.

THE object of the action is to recover from defendant, G. I. Brown, money received by him upon a promissory note made by Day Brothers to Jedediah Brown in his life-time, alleging that said note was a gift by said deceased to his wife prior to his death, in fraud of his creditors; that the estate is insolvent, and that defendant took the note with notice, etc.

The answer traverses all the material allegations of the petition, and also pleads a set-off of $372, to which no reply was filed. Trial by the court and judgment for plaintiff. Defendant appeals.

*Morse & Brown* for the appellant.

*E. E. Cooley, pro se.*

MILLER, J. — I. It is first insisted that the circuit court had no jurisdiction of the subject-matter of the

action.   We regard this question as settled adversely to ppellant in a former appeal in this case, reported in 30 Iowa, 470.

II. The second and third points presented in appellant's argument relate to the sufficiency of the evidence to support the finding of the circuit court.   We think, upon examination, that there is no such want of evidence as will warrant us in interfering with the finding, which is to be regarded the same as the verdict of a jury, and entitled to the same presumptions.   Further than this we need not go, but if it were necessary to do so we would have no hesitation in finding, upon the evidence, the issues for the plaintiff, so far as to entitle the plaintiff to a judgment for some amount.

III. It is insisted that the court erred in overruling defendant's motion to discharge the attachment, for the reason that plaintiff had filed an amended petition which did not ask an attachment, and that a new and different cause of action was alleged therein.

The amendment filed by plaintiff is entitled, " Amendment to the petition," and stated the same cause of action as did the original petition, but in various forms in different counts, demanding judgment upon but one count. The rule of the statute is that when a paper, containing matter of supplement or amendment, is filed, such paper " will constitute, with the original, but one pleading.   But if it be stated in the supplement or amendment, that it is a substitute for the former pleading intended to be amended, in that case it will be deemed such substitute," and the former pleading will be virtually out of the case. Rev., § 2983.

A pleading, therefore, which is filed as an amendment to a former pleading will not be construed as a substitute therefor, but both will constitute one pleading and be construed together.   *Pharo* v. *Johnson*, 15 Iowa, 560.   Such

was the character of the pleading in this case, and there was, therefore, no error in overruling the motion.

IV. It is next insisted that the judgment is excessive. We think this is palpably so upon the evidence. It is too clear for controversy that the $200 or $300, received by defendant on the original note, was received by him for and as the agent of Mrs. Brown, the widow ; and while she yet claimed to be the holder thereof, 'and that she received the money. Afterward a new note was taken for $900, payable to the defendant. This was done by agreement between Mrs. Brown and the defendant, concurred in by the makers of the note. As a part of this agreement, it was stipulated between Mrs. Brown and defendant that she should receive $200 of the proceeds of the new note. This sum was paid to her by the makers of the note. Then there was paid to defendant the sum of $475. This is the only sum with interest with which the defendant can be properly charged in this action out of which should be deducted the amount of defendant's set-off, which was not denied by plaintiff. We find the balance due the plaintiff to be $205.32 at this time, for which he may have judgment upon remitting the excess, otherwise the judgment will be reversed.

The costs of the appeal will be taxed to appellee.

Reversed.