Doe v. Clark & Haddock.

---

### DOE v. CLARK & HADDOCK.

1. **Jurisdiction:** ADMINISTRATOR: ACTION. An action by an administrator to recover money, alleged to have been obtained under a lease assigned the defendant by the intestate in fraud of his creditors, is cognizable at law.

*Appeal from Johnson Circuit Court.*

TUESDAY, DECEMBER 14.

UPON motion of defendants this cause was transferred in the court below to the chancery docket, to be tried as an equity case. From this order plaintiff appeals. The facts of the case appear in the opinion.

*J. D. Templin,* for appellant.

*Clark & Haddock,* for appellees.

BECK, J.—The petition, in substance, alleges that a certain lease, executed to secure the payment of certain rents to intestate, was by him assigned to defendants; that the assignment was fraudulently made for the purpose of preventing the creditors of decedent from subjecting the money due upon the lease to the payment of their claims, and that defendants have collected a large amount of money upon said lease, which is the property of the estate. Recovery is claimed for the amount of money alleged to have been collected by defendants. The foregoing is a statement of the substance of the petition so far as it presents facts showing the grounds for recovery. Other matters that are wholly irrelevant, or are matters of evidence, are alleged in the petition.

The court below, upon defendant's motion, held that the petition presented a cause of action exclusively cognizable in a court of equity, and thereupon transferred the cause to the equity docket. In this we think there was error.

The action is to recover money now in the hands of defend-

ant, alleged to belong to the estate. The allegations of the petition show the fraudulent character of the assignment of the lease, in order to overcome its legal effect. If the assignment be fraudulent it is void. The petition, then, simply in effect avers that defendants hold money belonging to the estate, and the grounds upon which their claim is based. An instrument of writing may be defeated for fraud, at law as well as in equity. Because this is attempted at law, the case must not be sent to chancery. If at law the assignment be found fraudulent, it would have no effect to protect defendants from the claim made against them. The law can, therefore, give to plaintiff the remedy he asks.

*1. EQUITABLE jurisdiction: administrator: action.*

We have held that in a court of law an administrator may recover, for the benefit of the creditors, property, or its value, fraudulently conveyed by his intestate. *Cooley, adm'r, v. Brown*, 30 Iowa, 490; same case, 35 Iowa, 475.

It will be observed that plaintiff claims no relief that cannot be had at law, and it may be further remarked, that defendants answered the petition by a simple denial of its allegations, and set up no matter in defense peculiarly cognizable in a court of equity.

It is our opinion that the court erred in ordering the transfer of the case to the chancery docket.

REVERSED.