ETHELDA SWARTWOOD LEVEL, Administratrix, Appellee, v. CHURCH OF CHRIST et al., Appellants.

No. 42157.

DECEMBER 12, 1933.

318

Larson & Carr and J. C. Campbell, for appellants.

C. I. Level, and Salinger, Reynolds & Meyers, for appellee.

MITCHELL, J.—In 1924, Betsey Swartwood was the owner of 84 acres of land in Floyd county, Iowa. She had been a widow for many years, and was at that time 83 years of age. There is no evidence in the record that discloses any defect in her mind or any greater weakness than might be expected to accompany her great age. She was a devout member of the Christian Church and had attended the services of her church regularly for many years. On the 18th day of November, 1924, Betsey Swartwood deeded to her daughter-in-law, Nettie Swartwood, an 84-acre tract of land in Floyd county, Iowa. In the deed transferring the tract of land to Nettie, Betsey reserved to herself a life estate, and further reserved the right to place upon said tract of land a mortgage in the amount of $4,000 for her own use. The deed to Nettie also contained the following clause: "as long as she remains the widow of D. B. Swartwood, now deceased." It was Betsey's intention to purchase a house in the town of Nora Springs, and she contracted for its purchase at about the same time she deeded the 84 acres of land. At about the same time Betsey made a will, giving the house to the appellant church, but permitting the daughter-in-law Nettie the free use of the house for two years after the date of Betsey's death. Shortly after the house was actually purchased, it developed, as it often does, that more money was needed to purchase the house than was originally believed, and so a mortgage was placed upon the 84 acres of land for $500, in excess of the amount stated in the deed, to wit, the sum of $4,500. Both Betsey and Nettie signed the note and mortgage. When the purchase of the house was completed, Nettie moved into it and made it her home and has lived in it ever since, and, according to statements in the appellant's argument, is still living there. Betsey, the mother-in-law, lived with Nettie part of the time, but at all times maintained rooms in the house on the farm, where she not only had a place to sleep but also a place to cook her meals, and the record shows that she went to the farm, stayed there at various times for quite lengthy periods.

The undisputed record shows that during Betsey's lifetime, although she had reserved a life estate in the 84 acres of land, she neglected to pay taxes levied against the farm, the interest on the mortgage which she had created for her own benefit, premiums on

the insurance, and certain necessary improvements, including the digging of a well; that Nettie, in order to save the property from foreclosure and sale at tax sale, was forced and required to and did pay these expenditures; that they amounted to something ovei $2,000. Betsey rented the land and received the income from same.

In March, 1928, Betsey executed an unconditional conveyance of the town property to the appellant church. It is conceded that nothing was given or promised in exchange for the deed; it was an outright gift. The deed was delivered to one Benedict, an officer of the church, in an envelope containing a written direction, signed by Betsey, directing its physical delivery after her death. Betsey died in April, 1930, and within a few days following her death the deed was placed of record. Shortly after Betsey's death her will was admitted to probate, and her granddaughter became the administratrix. She duly qualified and gave notice of her appointment, as by law required. Certain claims were filed against the decedent's estate: One by the undertaker for the funeral expenses; one by the owner and holder of the $4,500 note and mortgage for the balance due on the mortgage on the 84-acre farm; one by the daughter-in-law, Nettie Swartwood, for the sum of $2,359.80 for taxes, interest, insurance, and improvements. The administratrix, finding herself with no means of making payment of the claims which had been filed against the estate, reported her situation to the court by filing an application, in which she advised the court that the legal title to this house was in the appellant church; that she believed the conveyance of it had been voluntary and without consideration, and asked authority to commence suit to establish that fact. The district court duly entered the order, authorizing and directing her to commence this suit. The administratrix, in compliance with the order of court, immediately commenced the suit to set aside the transfer of the house from Betsey Swartwood to the appellant church. The case was duly submitted to the lower court, the lower court granting the relief prayed for by the administratrix, and from such decree and judgment of the lower court, the appellant has appealed to this court.

The first proposition relied upon by the appellant is that the administratrix with the will annexed had no right to commence this action to set aside an alleged fraudulent conveyance by the decedent until she was authorized by a court of competent jurisdiction to sell the same to pay debts of the decedent. In this case the

facts upon which the administratrix bases her right to institute the suit are these: Betsey Swartwood died, leaving a will. The administratrix of her estate, with the will annexed, found that there were just claims owing, antedating a voluntary conveyance by the testatrix. She found no property with which to pay claims presented against the estate. The administratrix having no means with which to pay the debts, as the representative of the creditors desired to attack the conveyance to the church as being in fraud of their rights. She filed an application, setting out these facts to the court, of which she is an officer. That court authorized and directed her to institute an action to test the quality of the conveyance. She brought such a suit as the creditors might have brought before the death of the grantor.

The question is whether the administratrix needs any further warrant for the commencement of the suit than is outlined. Her prayer is not that the land be sold; that the proceeds be distributed in any particular way; but that the deed be set aside. The claim is that she cannot do this because she has not procured an order from a court of competent jurisdiction, decreeing that it was necessary to sell the real estate to pay claims.

Section 11927 of the Code is as follows:

"11927. Recovering Transferred Real Estate. When it is probable that the known and acknowledged property of the deceased will not be sufficient for the payment of his debts, any person to whom the legal title of any real estate was conveyed by the decedent, or any person through whom such title has subsequently passed, or any person claiming an interest therein, may be required to appear and submit to an examination as provided in sections 11925 and 11926, subject to the penalties therein described, and the court or judge shall direct the executor or administrator to file a petition in equity to secure to the estate the title to any real estate which, in the event of the insufficiency of the personal property, would be assets for the payment of debts."

The administratrix in this case followed the above cited Code section.

In Cooley, Adm'r, v. Brown, 30 Iowa 470, it was held that the administrator might, for the benefit of the creditors of the estate, maintain an action to recover property voluntarily or fraudulently conveyed by the decedent. The court said (pages 472, 473):

"Ordinarily it must be true that an administrator can only maintain such actions at law as the intestate might, if living. This must be invariably so as to all actions for the enforcement of rights grounded upon the inheritance. So far as the administrator represents the heirs, and the actions brought by him are to secure their rights or interests, he.must be limited to such as the decedent himself might have maintained. But under our general statutes relating to the distribution of estates and the duties of administrators, the latter are charged with certain trusts, in favor of the creditors of the estate. They are required to collect the assets and to pay them over to the creditors. Whatever ought to be applied to the payment of the debts, ought to be recoverable by the administrator, representing the rights and interests of the creditors. Unless property voluntarily and fraudulently conveyed by the decedent can be thus reached by the administrator, the creditors must either go without remedy or they must be permitted to bring actions in their own names, thus involving a multiplicity of suits and interfering with the singleness of the administration. * * * We are satisfied that, under our statute and system of pleading, the action, upon proper proof, may be maintained by the administrator."

We find the Cooley case has been cited with approval in our later cases. Hansen's Empire Fur Factory v. Teabout, 104 Iowa 360, 73 N. W. 875; Blackman v. Baxter, Reed & Co., 125 Iowa 118, 100 N. W. 75, 70 L. R. A. 250, 2 Ann. Cas. 707.

The appellant relies upon the case of Richman v. Ady, 211 Iowa 101, 232 N. W. 813. In that case there was no order of court at.all, nor does it hold that where it is sought to secure title for the estate, the administrator may not proceed as he is expressly authorized to proceed by section 11927 of the Code. That section says that a court or judge shall direct the executor or administrator to file a petition in equity to secure to the estate the title to .any real estate which in the event of the insufficiency of personal property would be assets for the payment of debts. The Richman v. Ady case simply holds that the authorization required by that statute must be had, and, where there is no authorization by the court to bring the action, there can be no recovery. In the case at bar the court duly authorized upon proper application by the appellee, the bringing of this suit.

The next proposition relied upon by the appellant is that there is no proper showing that there were claims against the estate. The

record not only shows there were claims filed, but each of the claims was taken up at the time of the trial and the administratrix testified that in her judgment, after an investigation of the claims, they were just and allowable claims.

The other proposition relied upon by the appellant is that there was sufficient property other than the property covered by the deed with which to pay the claims against the estate. A careful analysis of the record shows that there was no other property,—certainly not sufficient to meet the just and allowable claims against this estate.

The last proposition relied upon by the appellant is that the property which was conveyed was an exempt homestead which could not be the subject of fraudulent conveyance, basing this claim upon the assertion that it was bought with the proceeds of Betsey's old homestead. Under section 10151 of the Code, the homestead exemption is available to a widow without children, but, of course, a person can have but one homestead. The evidence in this case shows that Betsey Swartwood kept the old homestead on the farm and used it as such. Not only did she maintain there sleeping quarters but also a kitchen, in which she had the various and necessary utensils she used in preparing her food. She went to the farm and stayed for various lengths of time. The very deed that she gave covering the farm reserved a life estate in her, in the old homestead, and the evidence shows that she actually occupied as a homestead the estate reserved to her for that purpose.

Careful consideration has been given to all the propositions that have been raised and argued in this case, and it is our conclusion that the lower court was right. The judgment of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, EVANS, KINDIG, CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.