AMERICAN SURETY CO. OF NEW YORK v. EDWARDS & BRADFORD LUMBER CO. et al.

SPARKS v. SAME.

Civil Action No. 145.

District Court, N. D. Iowa, W. D.

Aug. 1, 1944.

Shull & Marshall, of Sioux City, Iowa, and Dent, Weichelt & Hampton, of Chicago, Ill., for plaintiff and cross-defendant, American Surety Co. of New York.

George F. Sparks, administrator, pro se.

W. V. Steuteville, of Sioux City, Iowa, and Daily, Dines, White & Fiedler, of Chicago, Ill., for defendants and cross-defendants, Edwards & Bradford Lumber Co. and Tom Mould.

W. V. Steuteville, of Sioux City, Iowa, and Alden, Latham & Young, of Chicago, Ill., for defendants and cross-defendants, W. T. Alden, trustee, Frances B. Edwards, William R. Edwards, Jr., John C. Edwards, and Bonita Edwards Mannville Barbee.

Kidwell & Darrah, of Wichita, Kan., for defendant and cross-defendant Lindas Lumber Co.

GRAVEN, District Judge.

On motions to quash service for lack of jurisdiction.

This is an action brought by the plaintiff, American Surety Company of New York, in the Western Division of the Northern District of Iowa, against the defendants, George F. Sparks, administrator of the estate of W. R. Edwards, deceased, Edwards & Bradford Lumber Company, Tom Mould, Lindas Lumber Company, W. T. Alden, Trustee, Frances B. Edwards, William R. Edwards, Jr., John C. Edwards and Bonita Edwards Mannville Barbee. In this action the plaintiff seeks judgment against the defendant George F. Sparks, Administrator, in the approximate sum of $15,000 upon a judgment rendered against W. R. Edwards in his lifetime in the State of Illinois, and seeks to set aside as having been made in fraud of creditors certain transfers of corporate stock made by W. R. Edwards during his lifetime. The defendant George F. Sparks, administrator, has filed a cross-complaint against his co-defendants and the plaintiff, asking that the same transfers be held fraudulent as to creditors.

It is the claim of the plaintiff and cross-complainant that W. R. Edwards during his lifetime made transfers of stock owned by him in the defendant Edwards & Bradford Lumber Company, which were fraudulent as to creditors, and which transfers are the transfers hereafter referred to. It is claimed that the plaintiff's claim antedates those transfers. It appears that W. R. Edwards died January 28th 1943.

It appears that during his lifetime W. R. Edwards was the owner of two blocks of stock in the defendant Edwards & Bradford Lumber Company, an Iowa corporation; one block consisted of 11,220 shares, and one block consisted of 1530 shares. It further appears that W. R. Edwards in 1927 caused the block of 11,220 shares to be placed in trust for the benefit of himself during his lifetime, and for the benefit of his widow and children after his death. It appears that the defendant W. T. Alden is the present trustee of that trust. It further appears that in 1935, W. R. Edwards entered into an agreement with the Lindas Lumber Company relating to the 11,220 shares of trusteed stock, and to the 1530 shares of stock held by W. R. Edwards individually, under which the Lindas Lumber Company was to pay W. R. Edwards during his lifetime $200 a month, and continue such payments to his widow and children after his death. These payments of $200 a month were in the nature of an advance against dividends to be paid on the 11,220 shares and the 1530 shares. This agreement with the Lindas Lumber Company was apparently part of a larger transaction in which the Lindas Lumber Company was taking over control of the Edwards & Bradford Lumber Company. However, the Lindas Lumber Company was not purchasing the 11,200 shares and the 1530 shares. Under the agreement between W. R. Edwards and the Lindas Lumber Company the dividends on the 11,220 shares and the 1530 shares when paid were to go back to the Lindas Lumber Company. To protect the Lindas Lumber Company against transfers of the stock, a deposit of it with a neutral depositary was obviously necessary. The defendant Tom Mould was designated the depositary, and W. R. Edwards caused to be deposited with the defendant Tom Mould the 11,220 shares of trusteed stock and the 1530 shares of non-trusteed stock. Subsequently W. R. Edwards assigned his interest in the 1530 shares of stock to the defendant Bonita Edwards Mannville Barbee. The defendant Tom Mould is a resident of Sioux City, Woodbury County, Iowa, and at all times since 1935 the 11,220 shares and the 1530

shares have been in his possession at that place. Woodbury County is in the Western Division of the Northern District.

W. R. Edwards died intestate and insolvent a resident of the State of Illinois on January 28, 1943. No administration has been taken out in that state on his estate. On October 18, 1943, just prior to the commencement of this action, George F. Sparks, a resident of Sioux City, Woodbury County, Iowa, was appointed administrator of the estate of W. R. Edwards in Iowa by the state court having jurisdiction of probate matters in Woodbury County, Iowa. In the cross-complaint of that administrator it is stated that subsequent to the commencement of this action by the plaintiff, plaintiff's claim had been allowed as a claim against the estate of W. R. Edwards in the course of administration in the state court in the approximate sum of $15,000.

On June 25, 1941, during the lifetime of W. R. Edwards and while he was a resident of Illinois, the plaintiff had execution issued on its Illinois judgment to the Sheriff of Cook County, Illinois. On September 23, 1941, the execution was returned by that sheriff wholly unsatisfied. No further proceedings were had in reference to that judgment in the State of Illinois, and the first proceedings had in Iowa in connection therewith was the bringing of this action. At the time this action was brought, the situation was that the plaintiff was the owner and holder of a foreign judgment not reduced to judgment in this state.

The citizenship of the parties is as follows: The defendants and cross-defendants Edwards & Bradford Lumber Company and Tom Mould are both citizens of Iowa, and both in the Western Division of the Northern District; as is also the defendant and cross-complainant George F. Sparks, administrator of the estate of W. R. Edwards, deceased; the defendant and cross-defendant Lindas Lumber Company is a citizen of Kansas; the defendant and cross-defendant W. T. Alden, Trustee, is a citizen of Illinois; the defendant and cross-defendant John C. Edwards is a citizen of Florida; the defendants and cross-defendants Frances B. Edwards, William R. Edwards, Jr., and Bonita Edwards Mannville Barbee are citizens of California; and the plaintiff is a citizen of New York.

The defendant and cross-defendant Frances B. Edwards is the widow of W. R. Edwards, and the defendants and cross-defendants John C. Edwards, William R. Edwards, Jr., and Bonita Edwards Mannville Barbee are the children of W. R. Edwards, deceased.

The defendants and cross-defendants, Edwards & Bradford Lumber Company, Tom Mould, the Lindas Lumber Company, and the defendant and cross-complainant George F. Sparks, administrator of the estate of W. R. Edwards, have either appeared and answered, or appeared without challenging the jurisdiction of the Court. While the defendant, George F. Sparks, administrator, in his answer admits the allegations of plaintiff's complaint, it is his further claim thereon that he as administrator is the only proper person to maintain the action to have the transfers of the stock in question declared fraudulent as to creditors, and that the stock in question should be administered by him as assets of the estate of W. R. Edwards.

The defendants W. T. Alden, Trustee, Frances B. Edwards, William R. Edwards, Jr., John C. Edwards, and Bonita Edwards Mannville Barbee, being residents of states other than Iowa, the plaintiff proceeded to give them notice as prescribed by Court Order under 28 U.S.C.A. § 118, the same being Section 57 of the Judicial Code, which provides in part as follows:

"When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. * * *"

Pursuant to an Order of Court, the defendants Edwards & Bradford Lumber Company and Tom Mould were given notice as parties in the possession of the stock.

The cross-complainant George F. Sparks, administrator, served his cross-complaint by mailing copies of it to the different parties or their attorneys. The defendants and cross-defendants W. T. Alden, Trustee, Frances B. Edwards, William R. Edwards, Jr., John C. Edwards and Bonita Edwards Mannville Barbee, challenge the jurisdiction of the Court by motions to quash service as to them of both the complaint and cross-complaint, and ask the dismissal of both. It is the claim of the moving defendants and cross-defendants that this suit is not a local action under Section 57, but is a suit in personam; and that as a suit in personam it cannot be maintained in the federal district court for the Northern District of Iowa because the moving defendants and cross-defendants are necessary parties and they are not residents of Iowa. The contentions of the moving defendants and cross-defendants are in substance the same as to both the complaint and cross-complaint, except that they call attention to the general rule that if a complaint falls a cross-complaint falls with it.

It is well settled that Section 57 provides for constructive service of process by service or publication of a warning order, and hence cannot apply to actions in personam where jurisdiction of the person of a necessary party is essential. Wilhelm v. Consolidated Oil Corporation, 10 Cir., 1936, 84 F.2d 739. Since as hereinafter pointed out, these moving defendants and cross-defendants as transferees of property allegedly fraudulently transferred, are necessary parties to this action, and since because of their non-residence an action in personam cannot be maintained against them in the Northern District of Iowa, jurisdiction must depend upon the suit being one within the scope of Section 57.

For a suit to be within the scope of Section 57, there must in the first place be property found within the federal court district where the suit is brought; and, secondly, the suit must be one (a) to enforce a legal or equitable lien upon such property, or (b) to enforce a legal or equitable claim to such property, or (c) to remove any incumbrance or lien upon the title to such property; and, thirdly, the necessary diversity of citizenship of the parties must exist to make the suit a matter of federal court cognizance.

Actions brought in the federal district courts to challenge transfers of property as being fraudulent as to creditors as to substantive law, are governed wholly by the state law. 13 Cyclopedia of Federal Procedure, 2nd Edition, Sec. 6798. So far as procedure is concerned, the only specific reference to such actions in the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, is found in Rule 18(b), hereinafter referred to.

In the instant case it seems clear that the shares of stock in question are "within the said district" under the provisions of Section 57. The corporation that issued the stock in question is in the district and the stock certificates representing the stock are in this district. It is well established law that shares of corporate stock have a situs in the state of the corporation that issued them. Doherty v. McDowell, D.C.Me.1921, 276 F. 728; Myers v. Occidental Oil Corporation, D.C.Del. 1923, 288 F. 997; Jellenik v. Huron Copper Mining Co., 1900, 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647; McQuillen v. National Cash Register Co., 4 Cir., 1940, 112 F.2d 877, certiorari denied, 1940, 311 U.S. 695, 61 S. Ct. 140, 85 L.Ed. 450, rehearing denied, 1940, 311 U.S. 729, 61 S.Ct. 316, 85 L.Ed. 474.

The great weight of authority is to the effect that a party in order to invoke jurisdiction under Section 57 must have a lien on or claim to the property within the district which existed prior to the commencement of the action, and must have a specific lien on or specific claim to that specific property. 2 Cyclopedia of Federal Procedure, 2nd Edition, Sec. 546, p. 622. In the citation just given, the general rule is stated as follows:

"The existence of a lien in favor of plaintiff is essential where it is sought to sustain the venue under this statute as a suit to enforce a lien, and the lien must be a specific one against specific property, and it must be an antecedent or pre-existing lien, and not one arising out of the suit."

Cases which support the general rule referred to include, Shainwald v. Lewis, D. C.Nev.1880, 5 F. 510, 516; Dormitzer v. Illinois & St. L. B. Co., C.C.Mass.1881, 6 F. 217, 218; Albert v. Bascom, D.C.Tex. 1917, 245 F. 149, 155; Wilhelm v. Consolidated Oil Corporation, D.C.Okl.1935, 11 F.Supp. 444, 449, affirmed 10 Cir., 1936, 84 F.2d 739; Vidal v. South American Securities Co., 2 Cir., 1922, 276 F. 855; Wilson v. Beard, 2 Cir., 1928, 26 F.2d 860;

George v. Tennessee Coal, Iron & R. Co., C.C.Ga.1911, 184 F. 951; Dan Cohen Realty Co. v. National Savings & Trust Co., D.C. Ky.1941, 36 F.Supp. 536, 538, affirmed 6 Cir., 1942, 125 F.2d 288. Contra, Spellman v. Sullivan, D.C.N.Y.1930, 43 F.2d 762; Id., 2 Cir., 1932, 61 F.2d 787.

■ Thus, it appears that in order for the plaintiff or the cross-complainant to maintain this action in the Northern District of Iowa, they or one of them must have had a lien on or claim or title to the specific stock in question at the time this action was commenced. It has been heretofore referred to that during the lifetime of W. R. Edwards, execution was issued to the Sheriff of Cook County, Illinois, in behalf of the plaintiff, which execution was returned unsatisfied. The plaintiff did not thereby acquire a lien on the stock in question located in Iowa. Section 11671 of the 1939 Code of Iowa provides: "No execution shall be a lien on personal property before the actual levy thereof." Under the Illinois law an execution does not become a lien upon personal property located outside of the county in Illinois in which it is issued. Pike v. Baker, 1870, 53 Ill. 163, 166.

■ A creditor whose execution is returned unsatisfied against a living debtor has different remedies available depending upon the circumstances. He may bring a creditor's bill to subject to the payment of his judgment equitable assets of the debtor which cannot be reached by levy under execution. He may bring an action in equity to set aside transfers or conveyances of property which are fraudulent as to creditors. Creditors' bills are separate and distinct from actions to set aside transfers or conveyances of property, as being fraudulent as to creditors. 21 C.J.S., Creditors' Suits, § 1, p. 1058. In Iowa there are statutory provisions relating to creditors' bills. Sections 11815 to 11818, Code of Iowa 1939. In Section 11817 of those provisions it is provided that the creditor bringing a creditor's bill shall have a lien against the property involved from the time of the service of notice of suit with copy of petition attached describing the property. Where a creditor brings an action in his own behalf to set aside transfers or conveyances as being fraudulent as to creditors and the debtor is still living, it is the majority rule that the bringing of the suit gives such creditor an equitable lien on the property

transferred. 37 C.J.S., Fraudulent Conveyances, § 451, p. 1302.

Except as the legal situation may have been changed by the death of W. R. Edwards, it would seem that the general rules of law in regard to the matter of time when a lien in favor of a defrauded creditor comes into existence and the general rule of law as to the necessity of a pre-existing lien for jurisdiction under Section 57 would be obstacles to the maintenance of this suit by the plaintiff in the Northern District of Iowa. However, it is the claim of the plaintiff that Rule 18(b) relating to joinder of actions, and Rule 70 relating to the relief which a court may give under the Federal Rules of Civil Procedure has made the legal situation such that this Court has jurisdiction.

In this action the plaintiff has joined a claim in which judgment is sought against George F. Sparks, administrator of the estate of W. R. Edwards, deceased, for the amount of its claim with a claim seeking to set aside as being fraudulent as to creditors, the transfers of stock made by W. R. Edwards.

In the federal courts prior to the adoption of the Federal Rules of Civil Procedure, and in Iowa prior to July 4, 1943, when Iowa's new Rules of Civil Procedure (Chapter 278, Laws of 50th General Assembly 1943) became effective, a cause of action or claim asking judgment against a debtor could not be joined with a cause of action or claim seeking to set aside as being fraudulent as to creditors a transfer or conveyance made by the debtor, and the creditor as a general rule had to bring an action to secure judgment on his claim and then bring an action challenging the transfer or conveyance. Pusey & Jones Co. v. Hanssen, 1923, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763; Peterson v. Gittings, 1899, 107 Iowa 306, 77 N.W. 1056.

Rule 18(b) of the Federal Rules of Civil Procedure provides as follows:

"Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first

having obtained a judgment establishing the claim for money."

Iowa's new Rules of Civil Procedure contain Rule 28, which is taken from Federal Rule 18(b), and is to the same effect.

Rule 70 of the Federal Rules of Civil Procedure provides in part as follows:

"If real or personal property is within the district, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law."

■ There is nothing in either rule that purports to give a creditor a lien upon personal property before the commencement of the action which is necessary to bring an action within the scope of Section 57. It also seems clear that the Federal Rules of Civil Procedure do not affect jurisdiction and venue. Rule 82 of those Rules provides:

"Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

■ The Federal Rules of Civil Procedure do not enlarge federal court jurisdiction. Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624. Jurisdiction under Section 57 is not broadened by the Federal Rules of Civil Procedure. Dan Cohen Realty Co. v. National Savings & Trust Co., D.C.Ky.1941, 36 F.Supp. 536, affirmed, 6 Cir., 1942, 125 F.2d 288. In 6 Cyclopedia of Federal Procedure, 2nd Edition, p. 70, it is stated:

"Established principles of jurisdiction therefore still prevail, and cannot be abrogated or altered by the working of Rule 18 relating to joinder of claims and remedies."

Thus, it seems clear that Rule 18(b) and Rule 70 do not help the plaintiff on the matter of jurisdiction or venue.

The provisions of the Iowa law relating to claims in probate and probate jurisdiction differ greatly from those in most states. The distinctive Iowa procedure in regard to claims in probate and the distinctive Iowa probate jurisdiction are of importance as to certain phases of the instant case. In Iowa there is no so-called probate court as such, but all probate matters are handled by the district courts which are courts of original and general jurisdiction.

■ While a creditor having a claim against an estate in Iowa may file a claim therefor in the office of the clerk of the district court for allowance, he may instead bring a formal suit on his claim against the administrator by original notice and petition. This is made very clear in the case of Hanen v. Lenander, 1916, 178 Iowa 569, on page 572, 160 N.W. 18, on page 19, where the Iowa Court states:

"Properly speaking, we have in our judicial system no 'probate court' as a distinctive and separate tribunal. We have a district court of general jurisdiction, a jurisdiction which includes all the powers, functions, and authority usually vested in courts of probate in other states where such distinct and separate tribunals are provided. * * * It is the district court which has jurisdiction to allow claims against estates, and in which issues joined on contested claims are tried, precisely as all other law issues are tried. * * * so far as the rights of the parties and the jurisdiction of the court are concerned, it is wholly immaterial whether one having a claim against an estate presents it in the informal manner allowed in such cases and has it entered upon the distinctive probate docket, or embodies it in a formal petition, as in ordinary cases at law, and has it entered upon the court's general docket."

■ A creditor's claim can be established in an action in equity where the administrator is a party and equitable jurisdiction exists. Federal Land Bank v. Ditto, 1939, 227 Iowa 475, 288 N.W. 618. A non-resident creditor having a claim of the proper jurisdictional amount against an estate in Iowa has the right to bring a formal suit against the Iowa administrator in the federal district court and have the validity and amount of his claim determined. Reconstruction Finance Corporation v. Dingwell, 1938, 224 Iowa 1172, 278 N.W. 281. As stated in this last case, the proper procedure upon the termination of the litigation is for the federal court to certify to the state court its determination as to the validity and amount of the claim.

■ In the instant case, it was proper for the plaintiff to bring suit on its claim in the federal court against George F. Sparks, administrator of the estate of W. R. Edwards, deceased. While in the instant case the plaintiff asked judgment against the administrator, and while it is not permissible in Iowa to take judgment against an administrator, yet where a cred-

itor asks judgment against an administrator it will be construed as a prayer for the establishment of the claim. Federal Land Bank v. Ditto, supra.

When claims are established against an estate in Iowa they are not liens against the assets of the estate, even though the property is real estate. Iowa Loan & Trust Co. v. Holderbaum, 1892, 86 Iowa 1, 52 N.W. 550; Kraner v. Chambers, 1894, 92 Iowa 681, 61 N.W. 373. In an action by a creditor to establish a claim against an estate in Iowa, the administrator is the only proper party and the heirs are not necessary parties. In re Estate of Kinnan, 1934, 218 Iowa 572, 574, 255 N.W. 632; In re Estate of Nicholson, 1941, 230 Iowa 1191, 1210, 300 N.W. 332.

So far as plaintiff's first claim is concerned in which judgment is asked against George F. Sparks, administrator, the only proper parties to that claim are the plaintiff and that administrator. The other parties to this action are not proper parties to it, and so no jurisdiction as to that claim can be based upon their having been made parties. Since the plaintiff did not by the bringing of such suit against the administrator, and would not even by the establishing of its claim against the administrator, secure any lien against the assets of the estate, there is no jurisdiction as to that claim under Section 57. However, the Court does have jurisdiction as to that claim as an action in personam, as the plaintiff is a citizen of New York, the administrator is a citizen of Iowa, and more than $3,000 is involved.

The fact that this Court has jurisdiction as against the administrator to what might be called plaintiff's first cause of action, does not give jurisdiction as to its second cause of action in regard to the fraudulent transfers. The general rule is that each cause of action must contain its own basis for jurisdiction. 6 Cyclopedia of Federal Procedure, 2d Edition p. 70.

Then it is necessary to determine whether there is a basis for federal jurisdiction for the plaintiff's cause of action in which it challenges the transfers of the stock in question as fraudulent. It is also necessary to determine whether there is a basis for federal jurisdiction of the cross-complaint of George F. Sparks, administrator. It has been previously noted that unless the legal situation was changed by the death of W. R. Edwards, that the plaintiff had shown no basis for jurisdiction under Section 57. All of these matters necessitate a determination as to the status of personal property upon the death of a debtor.

In Iowa the legal title to the personal property of the deceased passes to the administrator. Andrew v. Dunn, 1926, 202 Iowa 364, 210 N.W. 425, 426. An administrator in Iowa holds legal title to the personal property of the decedent as trustee for the heirs and creditors. Postlewait & Creagan and Keeler v. Howes et al., 1857, 3 Iowa 365, 379; Cooley v. Brown, 1870, 30 Iowa 470, 473; Goodman v. Bauer, 1938, 225 Iowa 1086, 281 N.W. 448, 451. If a transfer of personal property made by the decedent is void or voidable the decedent is the owner of it at the time of death. In re Estate of Acken, 1909, 144 Iowa 519, 123 N.W. 187, Ann.Cas.1912A. 1186. On page 529 of the Iowa citation, on page 191 of 123 N.W., the Iowa Court in discussing a transfer of personal property made by decedent states:

"If this is void, or if it be nothing more than voidable, then deceased was, in fact, the owner of the personal property at the time of her death, or his representative would have the right to have it so declared; * * *."

A transfer of personal property made by a decedent to defraud creditors is void, and the transferees hold it as property belonging to the estate. Doe v. Clark & Haddock, 1875, 42 Iowa 123. On page 124 of the opinion in 42 Iowa in this last case the Iowa Court states:

"If the assignment be fraudulent it is void."

In the case of Mallow v. Walker, 1901, 115 Iowa 238, on page 246, 88 N.W. 452, on page 455, 91 Am.St.Rep. 158, the Iowa Court says:

"That a conveyance by an insolvent in consideration of future support is void so far as it puts the property of the grantor out of the reach of creditors, is well settled."

In a case from another State it has been held that it is the duty of an administrator to include in the inventory of the assets of the estate any property alienated by the deceased debtor in fraud of creditors. Hoffman v. Kiefer, 1895, 19 Ohio Cir.Ct. R. 401, 10 O.C.D. 304, 306.

The Iowa Court holds that a transfer fraudulent as to creditors is neverthe-

less binding as to the heirs of the decedent. Cooley v. Brown, 1870, 30 Iowa 470. The heirs of an alleged fraudulent grantor are not even proper parties to an action by an administrator to set aside a conveyance as being fraudulent as to creditors. Harlin v. Stevenson, 1870, 30 Iowa 371, 375.

 Upon the death of W. R. Edwards insolvent, the legal title to the shares of stock in question passed to his administrator. Since the heirs of W. R. Edwards would be bound by the transfers, George F. Sparks, as administrator, holds legal title to the stock in question in trust for the plaintiff and the other creditors of the estate.

 It is necessary to determine whether the change in the legal situation caused by the death of W. R. Edwards changes the status of the plaintiff under Section 57. In Iowa it is the duty of an administrator to turn into money the personal property needed for the payment of debts. Section 11932, Code of Iowa 1939. After the payment of the expenses and certain other items entitled to priority, the administrator distributes the money remaining among the general creditors. Sections 11969, 11970, Code of Iowa 1939. It would seem that what the general creditors have in such cases is the right to share generally in the money received from the sale of the personal assets of the estate, and that it cannot be said that any general creditor has a "lien" or "claim" to any specific personal property, within the scope of Section 57. The case of Wilson v. Beard, 2 Cir., 1928, 26 F.2d 860, involved a somewhat similar question. In that case there was ancillary administration pending in the State of New York. The ancillary executor was a non-resident of the State of New York. A creditor whose claim had been rejected by the ancillary executor sought to litigate the matter of his claim in the federal district court in New York. The executor not being a citizen of New York, the creditor sought to base jurisdiction under Section 57. It was the contention of the creditor that as a creditor of the estate he had a "lien" upon the assets of the estate in New York as would support jurisdiction under Section 57. The Circuit Court of Appeals for the Second Circuit held that a creditor's right to be paid out of the assets of the estate did not give him a "lien" sufficient to support jurisdiction under Section 57. That Court in its opinion in referring to the rights of the creditor-plaintiff in that case states in 26 F.2d on page 862 thereof:

"He has an unliquidated claim in personam against Hugo R. Meyer in his lifetime, and claims that it survives against his representative; further, that, when it is liquidated, a decree may be entered requiring payment out of the assets of Hugo R. Meyer's estate. But it must be paid with any other general creditor of the general estate after the expenses of administering the estate have been paid. * * *

"But it is argued that, if the debtor dies, the personal right is gone, and the only remaining right is against the debtor's assets. Then, it is said, the property of the debtor immediately becomes a trust fund, to which he, as a creditor of the deceased, is a beneficiary, and he has 'an equitable lien upon or claim to such property.' * * * The rule is that, where a debtor dies, his estate is impressed with a trust for the benefit of his creditors, heirs, and legatees (Borer v. Chapman, 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532; Harrison v. Moncravie, 8 Cir., 264 F. 776, 779; McClellan v. Carland, 8 Cir., 187 F. 915, 918). * * *

"Where the plaintiff has no special claim against the property, or any right in it to differ from any other general creditor, * * * he cannot, because of the existence of property within the district, use that as a basis for bringing his suit within it against a defendant, who is not an inhabitant of the district or found in the district. Vidal v. South American Securities [Co.], 2 Cir., 276 F. 855. * * *

"Section 57 refers to some lien upon or claim to specific property. Other creditors against an estate, having a claim of uniform validity, are entitled to share in the estate, and a single creditor, who has no specified claim to particular property, may not have the aid of the section."

 In Iowa a creditor is permitted to bring an action attacking a transfer made by a deceased debtor as fraudulent, but the administrator must be made a party, and the property or money received must go directly to the administrator to be by him distributed to all of the creditors. Postlewait & Creagan and Keeler v. Howes et al., 1856, 3 Iowa 365; Marion County Nat. Bank v. Smith, 1928, 205 Iowa 203, 217 N.W. 857, 859. The rule of the "diligent creditor" is not applicable where a creditor attacks a fraudulent conveyance of a deceased debtor, and the rule is that all of

the general creditors are on a parity in the administration of the recovered assets. Marion County Nat. Bank v. Smith, supra.

■ In this case even though the plaintiff did bring the action challenging the transfers of stock in question, yet in case of recovery the assets recovered would be turned over to George F. Sparks, administrator. In such an event that administrator would sell the stock and then pay the expenses of administration and then distribute the balance among all of the general creditors. It is obvious that the rights of the plaintiff are not any different than any other general creditor, and that it cannot be said that it has a "lien" against the specific stock in question. Therefore, it is plain that the plaintiff's position on the jurisdictional question is not bettered because it brought the action, and that the plaintiff does not have such a "lien" or "claim" to the specific stock in question as to support jurisdiction under Section 57.

■ Though the plaintiff's complaint falls because of lack of jurisdiction as to the cause of action or claim to have the transfers of stock determined fraudulent as to creditors, and though it is a general rule that where the original complaint falls, a cross-complaint falls with it, yet where jurisdiction is shown for the cross-complaint under Section 57, it is permissible procedure to consider and treat the cross-complaint as an original complaint. Vidal v. South American Securities Co., 2 Cir., 1921, 276 F. 855. Therefore, it should be next ascertained whether jurisdiction is shown for the cross-complaint.

■ In Iowa it is well established that an administrator may bring an action to challenge a conveyance or transfer as being fraudulent as to creditors. Level v. Church of Christ, 1933, 217 Iowa 317, 251 N.W. 709; Mallow v. Walker, 1901, 115 Iowa 238, 88 N.W. 452, 91 Am.St.Rep. 158; Cooley v. Brown, 1870, 30 Iowa 470; Doe v. Clark & Haddock, 1875, 42 Iowa 123.

■ If the transfers of stock in question were fraudulent as to creditors, they were void as to George F. Sparks, administrator, and upon his appointment as administrator the ownership of that stock vested in him and that ownership related back to the death of W. R. Edwards. George F. Sparks, administrator, in his cross-complaint in effect asks that the ownership of the stock in question be declared to be in him. A suit to establish ownership of shares of stock within a district comes under the scope of Section 57. Harvey v. Harvey, 7 Cir., 1923, 290 F. 653, 659.

■ It being clear that George F. Sparks, administrator, may bring an action to challenge the transfers of stock in question, and that his relation to that stock is such as to make it a local action under Section 57, and that his cross-complaint may be treated and considered as an original complaint if jurisdiction is shown, the only question remaining is whether the necessary diversity of citizenship exists between that administrator and the indispensable cross-defendants. As heretofore noted, the cross-defendants being either transferees of the stock in question or claimants to an interest therein, are indispensable parties. George F. Sparks, administrator, is a citizen of Iowa, and the moving cross-defendants being citizens of states other than Iowa, there is no question of diversity so far as that administrator and the moving cross-defendants are concerned. However, the cross-defendant Tom Mould, who is in possession of the shares of stock, and the cross-defendants Edwards & Bradford Lumber Company, are also citizens of Iowa. It is well established that if the citizenship of the plaintiff is the same as that of persons who are indispensable as parties defendant, that federal jurisdiction is lacking, even though the action is one under Section 57. Greeley v. Lowe, 1894, 155 U.S. 58, 15 S.Ct. 24, 39 L.Ed. 69; De Hanas v. Cortez-King Brand Mines Co., 8 Cir., 1928, 26 F.2d 233, certiorari denied, 1928, 278 U.S. 635, 49 S.Ct. 32, 73 L.Ed. 552. See also, Leitch v. City of Chicago, 7 Cir., 1930, 41 F.2d 728, 730; and Thomson v. Butler, 8 Cir., 1943, 136 F.2d 644, 647.

In the case of Greeley v. Lowe, supra, 155 U.S. on page 72, 15 S.Ct. on page 27, 39 L.Ed. 69, Justice Brown states:

"It is entirely true that section 8 of the act of 1875 [28 U.S.C.A. § 118], authorizing publication, does not enlarge the jurisdiction of the circuit court. It does not purport to do so. Jurisdiction was conferred, by the first section of the act of 1888 (25 Stat. 433), of 'all suits of a civil nature' exceeding $2,000 in amount, 'in which there shall be a controversy between citizens of different states;' and this implies that no defendant shall be a citizen of the same state with the plaintiff, but otherwise there is no limitation upon such jurisdiction."

On page 73 of 155 U.S., on page 27 of 15 S.Ct., 39 L.Ed. 69, the same Justice states:

" * * * any defendant interested in the res may be cited to appear and answer, provided he be not a citizen of the same state with the plaintiff."

In the case of McMurray v. Chase Nat. Bank of City of New York, D.C.Wyo.1935, 10 F.Supp. 960, where the question of diversity of citizenship of indispensable parties under Section 57 was under consideration, the Court, on page 964 of 10 F.Supp., in referring to certain persons, stated:

"If these or any of them appear to be indispensable parties, the jurisdiction of this court is at an end, for the reason that their citizenship and residence is of the same state with that of the plaintiff, and therefore could not be brought in by constructive service without destroying that jurisdiction."

In the instant case the certificates for the shares of stock in question are in the possession of Tom Mould, a citizen of the Northern District of Iowa, and the Edwards & Bradford Lumber Company that issued the shares is also within the jurisdiction of this Court. It is believed that if jurisdiction otherwise existed under Section 57, that so far as the Court being able to effectuate its decree as to the re-transfer of the stock to George F. Sparks, administrator, that it would be sufficient if either Tom Mould or the Edwards & Bradford Lumber Company were a party. While one of those parties could be dispensed with as a necessary party, yet one of them is needed as a party in order to enable the Court to vest clear title to the stock in question in George F. Sparks, administrator.

It appears that while either Tom Mould or the Edwards & Bradford Lumber Company are necessary parties, that their situation is that of stakeholders, and that they are not in controversy with either George F. Sparks, administrator, or the moving cross-defendants. The question then arises whether a stakeholder holding possession of personal property is an indispensable party so far as federal court jurisdiction is concerned.

The United States Supreme Court holds that a stakeholder holding possession of personal property is an indispensable party where the ownership of that property is in controversy, and that if the plaintiff and the stakeholder are citizens of the same state, that federal jurisdiction is lacking.

Wilson v. Oswego Township, 1894, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; Massachusetts & S. Const. Co. v. Cane Creek Township, 1894, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152. See also, Tug River Coal & Salt Co. v. Brigel, 6 Cir., 1895, 67 F. 625, 628.

In the case of Massachusetts & S. Const. Co. v. Cane Creek Township, supra, the plaintiff and the adverse claimant to certain bonds were citizens of different states, but the citizenship of the plaintiff was the same as that of the neutral depository which was holding the bonds in controversy. The United States Supreme Court held that the lack of diversity of citizenship between the plaintiff and the depository was fatal to federal jurisdiction. The United States Supreme Court, on page 285 of 155 U.S., on page 91 of 15 S.Ct., 39 L.Ed. 152, states:

"The deposit and trust company was the party in possession, and, although it claimed no interest in the bonds, as against the plaintiff and its codefendant, yet possession could not be enforced in favor of the plaintiff except by a decree against it. Where the object of an action or suit is to recover the possession of real or personal property, the one in possession is a necessary and indispensable (and not a formal,) party."

Where a plaintiff and a stakeholder of property are citizens of the same state, and the adverse claimants are citizens of other states, the controversy between such plaintiff and the adverse claimants is not a separable controversy for federal court jurisdictional purposes. Wilson v. Oswego Township, 1894, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70. See also, Tug River Coal & Salt Co. v. Brigel, 6 Cir., 1895, 67 F. 625, 628.

Since it appears that federal jurisdiction is not shown as to the cross-complaint of George F. Sparks, administrator, it would not be permissible to consider and treat his cross-complaint as an original complaint.

Since the plaintiff and George F. Sparks, administrator, are the only proper parties to the plaintiff's first cause of action or claim in which it asks that its claim be established as against the estate of W. R. Edwards, that first cause of action or claim should be dismissed as to all of the defendants except the defendant George F. Sparks, administrator. It ap-

pears from the cross-complaint that by proceedings in the state court subsequent to the commencement of this suit, plaintiff's claim had been allowed as a claim against the W. R. Edwards' estate. While such a proceeding could eliminate the necessity or desirability of the plaintiff proceeding to establish its claim against that estate in this Court, it does not necessarily do so. In Iowa there are special and distinctive rules of law in regard to the finality of an order establishing a claim against the estate, depending upon whether it was established in a proceeding which was adversary or non-adversary in character. See In re Estate of Nicholson, 1941, 230 Iowa 1191, 300 N.W. 332. Since the character of the proceedings in the state court does not appear, the plaintiff's cause of action or claim asking that its claim be established against the estate of W. R. Edwards may be retained on the docket subject to further proceedings.

It is the holding of the Court (1) that the plaintiff's complaint is dismissed as to all of the defendants, with the exception that the complaint as to plaintiff's first cause of action or claim in which it asks that its claim be established as a claim against the estate of W. R. Edwards is retained on the docket as against the defendant George F. Sparks, administrator of the estate of W. R. Edwards, for further proceedings; (2) that the cross-complaint of George F. Sparks, administrator of the estate of W. R. Edwards, is dismissed as to all parties. All dismissals to be without prejudice.